IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | | Chapter 11 |
| § | | |
| GUARANTY FINANCIAL GROUP INC., § | | CASE NO. 09-35582-bjh |
| *et al.,* § | | (Jointly Administered) |
| § | | |
| Debtors. § | | |

**STIPULATION AMONG THE DEBTORS, THE FEDERAL DEPOSIT INSURANCE CORPORATION AND WILMINGTON TRUST REGARDING ESTABLISHMENT OF CLAIMS INVESTIGATION PROCEDURES**

WHEREAS, on August 27, 2009 (the "Petition Date"), Guaranty Financial Group Inc. ("GFG"), Guaranty Group Ventures Inc. ("GGVI"), Guaranty Holdings Inc. I ("GHI") and Guaranty Group Capital Inc. ("GGCI") (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the North District of Texas/Dallas Division (the "Court") and continue to operate their business as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code;

WHEREAS, on August 21, 2009, the Office of Thrift Supervision ("OTS") closed Guaranty Bank, a federally chartered savings bank that is a subsidiary of GFG and GHI and appointed the Federal Deposit Insurance Corporation ("FDIC-R") as Receiver; and[1]

---

[1] This Stipulation does not constitute a submission by the FDIC-R to the jurisdiction or authority of the Bankruptcy Court for the resolution of any regulatory matter involving the Debtors and the FDIC-R. Nor is this Stipulation an admission that this Court is the appropriate forum for disputes between the FDIC-R and the Debtors other than with respect to this Stipulation. The filing of this Stipulation shall not constitute a waiver or consent by the FDIC-R of any: (a) right to assert Sovereign Immunity whether the FDIC-R is acting in its capacity as Receiver; (b) right to have any and all final orders in any and all non-core matters entered only after de novo review by the United States District Court; (c) right to trial by jury in any proceedings as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related thereto, whether or not such jury trial right is pursuant to statute or the United States Constitution; (d) right to have the reference of this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or

WHEREAS, the Debtors contemplate that, prior to the filing of any disclosure statement or plan of reorganization or liquidation, consistent with their fiduciary duties to the Debtors' bankruptcy estates, the Debtors will investigate potential causes of action against various third parties regarding the pre-petition operation of the Debtors (the "Debtors' Investigation");

WHEREAS, the FDIC-R asserts that the Financial Institutions, Reform, Recovery and Enforcement Act of 1989 ("FIRREA") affords the FDIC-R the exclusive right to assert all derivative claims on behalf of Guaranty Bank and 12 U.S.C. Sec. 1821(d)(2)(A)(i) provides that upon its appointment as Receiver for a failed bank, the FDIC-R acquires all rights, titles, powers, and privileges of the insured depository institution and any stockholder, member, account holder, depositor, officer, or director of such institution, as provided more particularly under the respective statutes;

WHEREAS, as a result of the foregoing and subject to the reservations of rights provided hereunder, the FDIC-R asserts that it is the only party entitled to assert derivative claims on behalf of Guaranty Bank or any stockholder of Guaranty Bank for the benefit of all depositors and creditors of Guaranty Bank and that neither the Debtors, nor Wilmington Trust, has standing to investigate or prosecute any such claims, all of which are subject to investigation and prosecution only by the FDIC-R pursuant to Title 12 of the United States Code (the "Receiver Investigation"). Notwithstanding, the afore-referenced shall not be deemed to be a consent or acknowledgment by the Debtors or Wilmington Trust to any such assertions, including, with respect to standing, with all rights and remedies expressly reserved;

---

discretionary withdrawal; or (e) other rights, claims, actions, defenses, setoffs, recoupments or other matters to which the FDIC-R is entitled under any agreements or at law or in equity or under the United States Constitution.

WHEREAS, in addition to the rights of the FDIC-R to conduct the Receiver Investigation and assert claims that may be discovered as the result of such investigation, the FDIC-R, as a potential creditor of the Debtors, is a potential beneficiary of litigation that may be pursued as the result of the Debtors' Investigation and is interested in having the right to participate in the Debtors' Investigation;

WHEREAS, the Office of the United States Trustee has appointed no official committee of unsecured creditors in these cases;

WHEREAS, Wilmington Trust, as the representative of the largest group of creditors with liquidated claim against the Debtors and a potential beneficiary of any estate litigation, is interested in conducting either an independent investigation of causes of action against third parties or participating in the Debtors' Investigation of such claims;

WHEREAS, the Debtors, the FDIC-R, and Wilmington Trust believe that it is in the best interests of the Debtors' estates to cooperate in an effort to minimize costs and duplication of effort in connection with the Debtors' Investigation; and

WHEREAS, the Debtors, the FDIC-R, and Wilmington Trust desire to enter into a protocol regarding the Debtors' Investigation of potential causes of action belonging to the Debtors' estate and for the cooperation and coordination of discovery relating to such investigation.

**NOW, THEREFORE; IT IS HEREBY STIPULATED AND AGREED THAT:**

1. The recitals set forth above shall be incorporated by this reference, as if fully set forth herein.

2. Prior to confirmation of a plan of liquidation, the Debtors, Wilmington Trust, and any Committee, with the consultation and participation of the FDIC-R (collectively, the

"Parties"), will conduct the Debtors' Investigation of any potential causes of action of the Debtors' estate for the purpose of identification and preservation of such causes of action that are claims of the Debtors and are not derivative of claims of the FDIC-R and to obtain sufficient background information necessary for formulating a disclosure statement and plan of liquidation.

3. The Parties, shall have the right, but not the obligation, to participate in all aspects of the Debtors' Investigation including, but not limited to, the formulation of discovery requests, receipt and review of documents produced by non-Debtor parties, and participation in any examinations under Federal Rule of Bankruptcy Procedure 2004 and formal and informal discovery and depositions. The Parties will use best efforts to avoid duplication of the efforts of their respective professionals. Notwithstanding the foregoing, and subject to the Debtors' and Wilmington Trust's rights under applicable law, nothing contained in this Stipulation shall limit or restrict the FDIC-R's rights to conduct the Receiver Investigation and prosecute any claims that the FDIC-R may have, nor be deemed a consent by the FDIC-R to the Debtors and Wilmington Trust participation in the Receiver Investigation or to receiving any discovery requests, documents or information obtained by the FDIC-R as the result of the Receiver Investigation.

4. The provisions of this Stipulation shall apply only to the Debtors' Investigation and do not apply to any adversary proceeding that may be commenced as a result of the Debtors' Investigation unless otherwise agreed in writing signed by all of the Parties. The Debtors will not commence any adversary proceeding seeking an affirmative recovery for acts or conduct that occurred prior to the Petition Date without the consent of Wilmington Trust, any Committee appointed in the Debtors' Chapter 11 bankruptcy cases, and the FDIC-R to the extent each is not conflicted, or without an order of the Court upon notice to the Parties. In addition, in the event

the Debtors refuse to commence any adversary proceeding for an affirmative recovery for acts and conduct that occurred prior to the Petition Date that give rise to claims by the Debtors that is requested by Wilmington Trust, any Committee or the FDIC, such party shall have the right to file a motion with the Bankruptcy Court requesting standing to commence such a proceeding on behalf of the Debtors' estates and each other party hereto reserves its right to object to such motion.

5. The Parties will use reasonable best efforts to confer and coordinate discovery relating to the Debtors' Investigation and agree as follows:

(i) provide advance notice to one another of any depositions and document production demands to be noticed, as is practicable, so that the parties can coordinate efficient use of resources and scheduling in connection with any such depositions and production;

(ii) use best efforts to insure the preservation of various levels of privilege under the document protection stipulation (the "Document Stipulation") previously So Ordered by the Court on October 16, 2009;

(iii) coordinate entry of joint confidentiality agreements or other protective agreements as between non-party witnesses as appropriate with respect to any protected, proprietary, or restricted information;

(iv) share all documents produced provided consistent with the Document Stipulation and to the extent practicable, establish a joint data base for the sharing of such information as the parties may agree, including, if needed, the retention of a data base vendor at the Debtors' expense; and

(v) subject to approval by the Court, submit any discovery related disputes to informal resolution through telephonic court conference on reasonable notice to the parties.

6. The Debtors shall provide an initial draft plan of liquidation (the "Plan") and

disclosure statement (the "Disclosure Statement"), to Wilmington Trust, FDIC-R, and Committee, if any, not later than March 8, 2010 or such other date as may be agreed to by the Debtors, Wilmington Trust and FDIC-R (and, if appointed, any Committee). The Debtors shall (i) use best efforts to accommodate the comments of Wilmington and FDIC-R and the Committee, if any; (ii) file the Plan, Disclosure Statement, and a motion to approve the Disclosure Statement not later than March 22, 2010 or such other date as may be agreed to by the Debtors, Wilmington Trust, FDIC-R, and any Committee; and (iii) confirm the Plan on or before June 7, 2010. The Plan shall provide for the appointment of a liquidating trustee acceptable to Wilmington Trust and the FDIC-R.

7. Subject to ultimate approval by the Court, the Plan shall contain a provision recognizing that Wilmington Trust and/or the FDIC may assert a claim pursuant to Section 503 of the Bankruptcy Code for reimbursement of professional fees incurred by either of them in connection with their participation in the Debtors' Investigation as a substantial contribution to the Debtors' estates, without prejudice to the rights of any other Party to object to such application.

8. No action or omission by any of the Parties shall be construed or interpreted as limiting or restricting any of the Parties from taking any action on their own initiative. Nothing contained herein shall limit or otherwise preclude the FDIC-R or Wilmington Trust from objecting to the scope of the Debtors' Investigation and to seeking a determination from the Bankruptcy Court or other court of competent jurisdiction as to the scope of and/or whether the investigation infringes and violates the rights of the FDIC-R under Title 12 of the United States Code or otherwise, to seek appropriate relief therein, and to any Parties rights to object to any such motion.

9. The parties agree to cooperate to obtain Bankruptcy Court approval of this Stipulation.

10. Except as otherwise provided herein, this Bankruptcy Court shall have continuing jurisdiction to resolve any dispute among the parties with respect to this Stipulation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**STIPULATED AND AGREED TO** as of October \_\_\_\_, 2009:

| | |
|---|---|
| **ADORNO YOSS WHITE & WIGGINS, L.L.P.** | **HAYNES AND BOONE, LLP** |

By: /s/ Peter C. Lewis                By: _____

Peter C. Lewis
State Bar No. 12302100
Bank of America Plaza
901 Main Street, Suite 6200
Dallas, Texas 75202
Telephone: 214-665-4150
Facsimile: 214-665-4160

-and-

**OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**

By: /s/ Steven B. Soll

Steven B. Soll
(Admitted *Pro Hac Vice*)
230 Park Avenue
New York, New York 10169
Telephone: 212-661-9100
Facsimile: 212-682-6104

Counsel for the Federal Deposit Insurance Corporation, as Receiver

Robert D. Albergotti
State Bar No. 00969800
Ian T. Peck
State Bar No. 15881850
Autumn D. Highsmith
State Bar No. 24048806
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7672
Telephone: 214-651-5000
Facsimile: 817-348-5940

Counsel for the Debtors

**FOLEY & LARDNER LLP**

By: _____

Douglas E. Spelfogel
90 Park Avenue
New York, New York 10016-1314
Telephone: 212-338-3566

Counsel for Wilmington Trust Company

**STIPULATED AND AGREED TO** as of October ___, 2009:

| | |
|---|---|
| **ADORNO YOSS WHITE & WIGGINS, L.L.P.** | **HAYNES AND BOONE, LLP** |
| By: _____ | By: _*/s/ Ian T. Peck*_____ |
| Peter C. Lewis<br>State Bar No. 12302100<br>Bank of America Plaza<br>901 Main Street, Suite 6200<br>Dallas, Texas 75202<br>Telephone: 214-665-4150<br>Facsimile: 214-665-4160 | Robert D. Albergotti<br>State Bar No. 00969800<br>Ian T. Peck<br>State Bar No. 15881850<br>Autumn D. Highsmith<br>State Bar No. 24048806<br>Haynes and Boone, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219-7672<br>Telephone: 214-651-5000<br>Facsimile: 817-348-5940 |
| -and- | |
| **OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.** | Counsel for the Debtors |
| | **FOLEY & LARDNER LLP** |
| By: _____ | By: _____ |
| Steven B. Soll<br>(Admitted *Pro Hac Vice*)<br>230 Park Avenue<br>New York, New York 10169<br>Telephone: 212-661-9100<br>Facsimile: 212-682-6104 | Douglas E. Spelfogel<br>90 Park Avenue<br>New York, New York 10016-1314<br>Telephone: 212-338-3566 |
| Counsel for the Federal Deposit Insurance Corporation, as Receiver | Counsel for Wilmington Trust Company |

STIPULATED AND AGREED TO as of October _____, 2009:

| | |
|---|---|
| **ADORNO YOSS WHITE & WIGGINS, L.L.P.** | **HAYNES AND BOONE, LLP** |
| By: _____ | By: _____ |
| Peter C. Lewis | Robert D. Albergotti |
| State Bar No. 12302100 | State Bar No. 00969800 |
| Bank of America Plaza | Ian T. Peck |
| 901 Main Street, Suite 6200 | State Bar No. 15881850 |
| Dallas, Texas 75202 | Autumn D. Highsmith |
| Telephone: 214-665-4150 | State Bar No. 24048806 |
| Facsimile: 214-665-4160 | Haynes and Boone, LLP |
| | 2323 Victory Avenue, Suite 700 |
| -and- | Dallas, Texas 75219-7672 |
| | Telephone: 214-651-5000 |
| **OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.** | Facsimile: 817-348-5940 |
| | Counsel for the Debtors |
| By: _____ | **FOLEY & LARDNER LLP** |
| | By: _____/s/_____  11/2/09 |
| Steven B. Soll | Douglas E. Spelfogel |
| (Admitted *Pro Hac Vice*) | 90 Park Avenue |
| 230 Park Avenue | New York, New York 10016-1314 |
| New York, New York 10169 | Telephone: 212-338-3566 |
| Telephone: 212-661-9100 | |
| Facsimile: 212-682-6104 | |
| Counsel for the Federal Deposit Insurance Corporation, as Receiver | Counsel for Wilmington Trust Company |