IN THE UNITED STATES BANKRUPTCY
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

IN RE DEBTORS: GUARANTY FINANCIAL, BJH

BANKRUPTCY PETITION NUMBER: 09-35582-bjh11

**************************************************

HEARING ON

MOTION TO APPROVE CLAIMS INVESTIGATION STIPULATION

HEARING DATE 12/01/09

**TRANSCRIPT FROM AUDIO RECORDING**

Transcript produced from audio recording by:

CATHY SOSEBEE, CSR, No. 612
Expiration Date: 12/31/10
Cathy Sosebee & Associates
Firm Registration No. 49
P. O. Box 86
Lubbock, TX 79408

```
 1                    APPEARANCES

 2   JUDGE PRESIDING:

 3   HON. BARBARA J. HOUSER

 4
     FOR THE DEBTORS:
 5
     MR. IAN T. PECK
 6   Haynes & Boone, LLP
     201 Main Street, Suite 2200
 7   Fort Worth, TX 76102
     (817)347-6613
 8   Fax : (817)348-2350
     ian.peck@haynesboone.com
 9

10   FOR WILMINGTON TRUST:

11   MR. DOUGLAS E. SPELFOGEL
     Foley & Lardner, LLP
12   90 Park Avenue
     New York, NY 10016
13   212-338-3566
     212-687-2329 (fax)
14
     MR. MICHAEL D. WARNER
15   Warner, Stevens, L.L.P.
     1700 City Center Tower II
16   301 Commerce St.
     Fort Worth, TX 76102
17   (817)810-5250
     (817)810-5255 (fax)
18   klabrada@warnerstevens.com

19
     FOR FDIC:
20
     MR. PETER C. LEWIS
21   Adorno Yoss White & Wiggins, L.L.P.
     Bank of America Plaza
22   901 Main Street, Suite 6200
     Dallas, TX 75202
23   214-665-4150
     214-665-4160 (fax)
24   plewis@adorno.com

25   MR. STEVEN B. SOLL
     Otterbourg, Steindler, Houston & Rosen
```

```
 1  230 Park Ave., 30th FL
    New York, NY 10169-0075
 2  212-661-9100
    212-682-6104 (fax)
 3
 4                        *   *   *   *
```

```
 1                       PROCEEDINGS
 2              THE COURT:  All right.  We have two
 3   matters.  Let me take time estimates.  Guaranty
 4   Financial.
 5              MR. PECK:  Good afternoon, Your Honor.
 6   (Inaudible)
 7              THE COURT:  All right.  Come ahead, please.
 8              MR. PECK:  Good afternoon, Your Honor.  Ian
 9   Peck for the debtors.  I am here with Mr. Dennis
10   Faulkner, the CRO.
11              THE COURT:  All right.
12              MR. WARNER:  Afternoon, Your Honor, Michael
13   Warner, Warner, Stevens, on behalf of Wilmington Trust
14   as their local counsel.  On the telephone is
15   Mr. Spelfogel of the Foley & Lardner firm in New York
16   who is lead counsel.  And I also want to point out that
17   Mr. Smalari (phon) is in the courtroom here in the
18   second row from Wilmington.
19              THE COURT:  All right.  Very well.
20              MR. LEWIS:  Your Honor, good afternoon.
21   Peter Lewis of Adorno, Yoss, White, Wiggins, here as
22   local counsel for the FDIC as receiver.  I think you
23   should have on the phone Mr. Steven Soll of the
24   Otterbourg firm.  I believe he is on the phone as well
25   right now.
```

1           THE COURT: Not yet but --

2           MR. LEWIS: Well, he will be, very good.

3 Thank you, Your Honor.

4           THE COURT: Thank you.

5           (Making a phone call).

6           THE COURT: Good afternoon. This is Judge

7 Houser. Do I have parties on the line?

8           MR. SOLL: Yes, you do, Your Honor. This

9 is Steven Soll from Otterbourg Steindler, on behalf of

10 the FDIC. And on our line as well is Jeff Cymbler from

11 our office. And Doug Spelfogel will introduce himself.

12 He is on the line as well.

13           MR. SPELFOGEL: Good afternoon, Your Honor,

14 Doug Spelfogel, Foley Lardner, on behalf of Wilmington

15 Trust.

16           THE COURT: Excellent. All right.

17 Mr. Peck.

18           MR. PECK: Yes, Your Honor. We just have

19 one item on the agenda today. That is our motion to

20 approve the claims investigation stipulation among the

21 debtors, the FDIC and Wilmington Trust. We filed this

22 motion on regular notice. No objections were received.

23 The US trustee's office is also on board.

24           Our two largest creditors or potential

25 creditors are Wilmington Trust as trustee for our debt

holders and the FDIC as receiver for Guaranty Bank. They are both parties to the stipulation.

I understand the Court has another matter set, so I can either provide you some behind the scenes background info or, if you would like to streamline the process, I am happy to jump to whatever questions the Court may have.

THE COURT: I have reviewed this. I have really no questions about it. And I take it everyone that is involved in the case is either party to it or has signed off on it, in the case of US Trustee; is that right?

MR. PECK: That's correct, Your Honor.

THE COURT: Very well. Then I will sign that stipulation.

MR. PECK: Thank you, Your Honor.

MR. SOLL: Your Honor, this is Steven Soll. If I may raise one particular item in connection with the stipulation. We certainly support it. We signed it.

THE COURT: Yes.

MR. SOLL: I wanted to raise with the Court the fact that, when the case was first filed, the debtor filed a motion and the Court entered an order approving the transfer of certain bank accounts that were then at

Guaranty Bank over to Bank of America, and it was a consensual stipulation, and the order was entered. It is known as the 345 order.

In that order was a deadline for the FDIC to assert challenges to the transfer of funds, and the deadline is September 24th and was pegged to the fact that it was then the intention of the CRO to potentially file a plan by the end of this calendar year.

Under the stipulation that the Court has just indicated it would approve today, that deadline has been moved -- for filing the plan was moved back until late March, which the FDIC supports and has no objection to.

We have spoken with both Mr. Peck and Mr. Spelfogel about the impact of that on the filing deadline for a challenge by the FDIC to the bank account transfer, and they are both agreeable to extending that deadline until late January.

In the original 345 order there was a provision that applied if either the FDIC wanted to seek an extension or the debtor wanted to seek a reduction, which contemplated filing of a motion, and after notice and hearing the Court would rule on the request of either party.

What we currently have is basically a

```
 1  consensual extension of that deadline from the 24th of
 2  December until late January, and I am inquiring of the
 3  Court whether we could insert a paragraph in this
 4  stipulation that extends that deadline with the other
 5  extensions that are in the motion.
 6              I realize that that deadline would not be
 7  on notice to other parties, but this is not a deadline
 8  that either is in the statute or in the bankruptcy
 9  rules, but rather an arbitrary date that was agreed to
10  with the debtor and with Mr. Spelfogel.
11              So if the Court has no objection to that, I
12  think it keeps the parties amenable to confirming that
13  extension in the form of additional language to this
14  stipulation.
15              THE COURT:  Mr. Peck, is that right?
16              MR. PECK:  That's fine with us.  It may
17  make more sense to actually put it in the order
18  approving the stipulation rather than the stipulation
19  itself, if Mr. Soll doesn't have an issue with that, but
20  certainly we are fine with that.
21              THE COURT:  Mr. Soll?
22              MR. SOLL:  That would be fine.
23              THE COURT:  I have no objection.  I agree
24  that this was a date the parties agreed to.  No one else
25  is likely affected by this.  So I am happy for the order
```

1 | to extend that date.
2 |         MR. SOLL: Thank you very much.
3 |         MR. PECK: We will revise the order,
4 | circulate it and then upload it.
5 |         THE COURT: All right.
6 |         MR. PECK: While we are on the topic of
7 | housekeeping, we also have an issue with our exclusivity
8 | period. It actually runs on Christmas Day which I guess
9 | was poor planning on our filing date.
10 |         Applying Rule 9006 would actually give us a
11 | few more days but would still leave us one day short of
12 | our next omnibus hearing date. So I am not asking for
13 | any relief today, but I did want to give you a heads up;
14 | we are going to file a motion for posting the setting
15 | prior to the holiday, and you will be able to review
16 | that and let us know what you think.
17 |         THE COURT: Very well.
18 |         MR. PECK: That's all we have for today,
19 | Your Honor.
20 |         THE COURT: Excellent. Thank you.
21 |
22 |
23 |
24 |
25 |

1                         CERTIFICATE
2  COUNTY OF LUBBOCK        )
3  STATE OF TEXAS           )
4         I, Cathy Sosebee, Certified Court Reporter in
5  and for the State of Texas, do hereby certify that the
6  foregoing pages contain a full, true and correct
7  transcript, to the best of my ability, of audiotape
8  furnished by the Clerk of the Bankruptcy Court.
9         Given under my hand this the 20th day of
10 December, 2009.

                                  _____
                                  CATHY SOSEBEE, CSR, No. 612
                                  Expiration Date: 12/31/10
                                  Cathy Sosebee & Associates
                                  Firm Registration No. 49
                                  P. O. Box 86
                                  Lubbock, TX   79408
                                  806 763-0036