Michael D. Warner (TX Bar. No. 00792304)
**WARNER STEVENS, L.L.P.**
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Tel:    (817) 810-5250
Fax:    (817) 810-5255
Email:  mwarner@warnerstevens.com

Douglas E. Spelfogel (admitted *pro hac vice*)
Olya Petukhova (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
90 Park Ave., 36th Floor
New York, NY 10016
Tel:    (212) 682-7474
Fax:    (212) 687-2329
Email:  dspelfogel@foley.com
Email:  opetukhova@foley.com

COUNSEL FOR WILMINGTON TRUST
COMPANY AS INDENTURE TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| GUARANTY FINANCIAL GROUP INC., | § | CASE NO. 09-35582-bjh |
| *et al.,* | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |

**OBJECTION OF WILMINGTON TRUST COMPANY AS INDENTURE TRUSTEE
TO MOTION FOR LATE CLAIM OF BRENT L. JOHNSTON**

Wilmington Trust Company ("Wilmington Trust"), as Indenture Trustee under

that certain Indenture, dated as of September 15, 2006 between Temple-Inland Financial Services,

Inc., as Issuer (the "Issuer")[1], and the Trustee, by and through its attorneys, submits this

---

[1] Temple-Inland Inc. ("Temple-Inland") formed Guaranty Bank in 1988. On December 28, 2007, Temple-Inland spun off its previously integrated financial services division, forming Guaranty Financial Services Inc. ("GFG") as a stand-alone public company focused on financial services business. GFG is the parent company of

Objection pursuant to Sections 502(a) and (b) of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") and Rule 3007 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") to the Motion for Late File Claim of Brent L. Johnston (the "Motion"). The Motion seeks to allow the pre-petition claim (the "Claim") of Brent L. Johnston ("Johnston") that was filed after the bar date for filing such claims as set by this Court. In support of this Objection, Wilmington Trust states as follows:

## General Background

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtors' chapter 11 cases and this Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 502(a) and (b) of the Bankruptcy Code, as implemented under Rule 3007 of the Bankruptcy Rules.

2. On August 27, 2009, the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue in possession of their assets and property pursuant to Section 1107 of the Bankruptcy Code. The Debtors' Chapter 11 cases are jointly administered.

## Background Facts

3. By Order of September 3, 2009 (the "Bar Date Order") this Court established December 29, 2009 (the "General Bar Date"), as the final date for filing proofs of pre-petition claims against the Debtors. The Bar Date Order further provides that:

---

Guaranty Group Ventures Inc. ("GGVI"), Guaranty Group Capital Inc. ("GGCI"), and Guaranty Holdings Inc. I ("GHI"). GHI serves as the holding company for GFG's investment in Guaranty Bank, and owns 100% of the common stock of Guaranty Bank.

2

> If a creditor fails to timely file a proof of claim in these cases in compliance with the procedures and deadlines established by this Order, and such creditor's claim is not listed in the Schedules, is listed in the Schedules for 0.00, or is listed in the Schedules as disputed, unknown, contingent, or unliquidated, then any claim of such creditor is discharged, and such creditor is forever barred from (a) asserting its claim, whether directly or indirectly against the Debtors, their successors, and assigns to their respective property (or filing a proof of claim with respect thereto); (b) participating in any distribution in these cases on account of such claim; (c) voting with respect to any Chapter 11 plan or plans filed in these Chapter 11 cases; and (d) receiving any distribution under any Chapter 11 plan or plans.

Bar Date Order at 5-6.

4. Notice of the General Bar Date was properly given to all identifiable creditors of the Debtors by distribution via U.S. First Class mail of the "Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors and Deadlines" (the "Notice"). A copy of the Notice is attached hereto as Exhibit A. The Certificate of Notice attached to the Notice lists Johnston as having received the Notice setting forth the General Bar Date.

5. On December 30, 2009, Johnston filed his Claim (Claim No. 132) in the amount of $1,124,678.79. The Claim was filed after the General Bar Date. Accompanying the Claim, and filed on the Court's Docket as Docket No. 166 on December 30, 2009, is a letter from Johnston addressed to the Court titled "Re: Motion for Late File Claim (Case No. 09-35582-bhj) against Guaranty Financial Group, Inc.". The Motion requests that the Court "accept" the Claim. A true and correct copy of the Motion is attached hereto as Exhibit "B". The Motion does not provide any explanation for the late filing of the Claim. Johnston does not make any representation whatsoever to explain why the Claim was not filed by the Bar Date. He does not state whether he had knowledge of the General Bar Date or whether any facts exist which would provide an excuse for the late filing of the Claim.

3

NYC_743288.1

6. Wilmington Trust does not admit that the Motion is a properly filed or noticed motion in conformance with the Federal Rules of Bankruptcy Procedures or with the Local Rules of this Court, but since Johnston's letter styles itself as a Motion, Wilmington Trust will so deem it to be so for the purposes of this Objection. Further, this Objection is to the "acceptance" of the Claim as a late-filed claim and Wilmington Trust reserves all rights to object to the Claim on all other bases and all defenses thereto.

7. On January 19, 2010, the Debtors and Johnston filed with the Court their Stipulation Extending Response (the "Stipulation") wherein they agree that the Debtors shall have until March 22, 2010, to respond to the Motion.

## **Objection to the Claim as Late Filed**

8. Johnston has not established any causes whatsoever for the late filing of the Claim. The Claim therefore must de disallowed.

9. Bankruptcy Rule 3003(c) provides that the Court may extend the time for filing proofs of claim for "cause shown." This rule is read in conjunction with Bankruptcy Rule 9006(b) which provides that deadlines may be extended after they have expired when the failure to act was the result of "excusable neglect." In *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 395 (1993) ("*Pioneer*"), the Supreme Court established four factors to determine whether the neglect to file the claim timely was excusable. These factors are prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the creditor and whether the creditor acted in good faith. *Pioneer* at 395; *Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mafg., Inc*., 62 F.3d 730, 736 (5th Cir. 1995). It is the burden of the creditor to establish excusable neglect. *In re ASARCO*, 2008 WL 4533733 (Bankr. S.D. Tex. 2008) ("*ASARCO*").

4

10. Johnston clearly has not met his burden to establish excusable neglect. Indeed, the Motion provides no facts whatsoever that explain the reason the Claim was filed late. On the contrary, it is apparent that Johnston had notice of the General Bar Date well in advance of the deadline with adequate time to file the Claim timely. A request to deem a late filed claim timely filed should be denied where the creditor provides no explanation whatsoever for the failure. *ASARCO* at *3.

11. The Claim, therefore, should be disallowed in full and expunged pursuant to the Bar Date Order.

12. Wilmington Trust reserves the right to supplement this Objection and to raise additional objections to the above-referenced claim.

WHEREFORE, Wilmington Trust respectfully requests that the Court enter an order:

    a. Granting this Objection;

    b. Disallowing and expunging in its entirety the Claim filed by Brent L. Johnston;

    c. Granting such other and further relief as the Court deems just and necessary.

DATED: January 20, 2010                          Respectfully submitted,

By: /s/ Michael D. Warner_____
Michael D. Warner, Esq. (TX Bar No. 00792304)
**WARNER STEVENS, L.L.P.**
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Tel: (817) 810-5250
Fax: (817) 810-5255
Email: mwarner@warnerstevens.com

NYC_743288.1

And

Douglas E. Spelfogel, Esq. (admitted *pro hac vice*)
Olya Petukhova, Esq. (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
90 Park Ave., 36th Floor
New York, NY 10016
Tel: (212) 682-7474
Fax: (212) 687-2329
Email: dspelfogel@foley.com
Email: opetukhova@foley.com

Counsel for Wilmington Trust Company as Indenture Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing *Objection of Wilmington Trust Company as Indenture Trustee to Motion for Late Claim of Brent L. Johnston* has been served upon Brent L. Johnston listed below and the parties listed on the attached Limited Service List on this 20th day of January, 2010, via regular First Class Mail, properly addressed, with postage pre-paid.

/s/ Michael D. Warner
Michael D. Warner

Brent L. Johnston
8723 Linkfair Ln.
Houston, TX 77025