IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | | Chapter 11 |
| § | | |
| GUARANTY FINANCIAL GROUP INC., § | | CASE NO. 09-35582-bjh |
| *et al.,* § | | (Jointly Administered)- |
| § | | |
| Debtors. § | | |

**STIPULATION REGARDING RESPONSES TO AND FINAL HEARING ON MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR GUARANTY BANK, FOR AN ORDER MODIFYING THE AUTOMATIC STAY AS TO PROPERTY AND GRANTING SETOFF BY THE FDIC-RECEIVER**

Guaranty Financial Group Inc. ("GFG"), Guaranty Group Ventures Inc. ("GGVI"), Guaranty Holdings Inc. I ("GHI") and Guaranty Group Capital Inc. ("GGCI") (collectively, the "Debtors"), together with the Federal Deposit Insurance Corporation, as Receiver for Guaranty Bank (the "FDIC-R") and Wilmington Trust Company ("Wilmington Trust," and together with the Debtors and the FDIC-R, the "Parties"), stipulate as follows:

1. On August 27, 2009, the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the North District of Texas, Dallas Division (the "Court") and continue to operate their business as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. The Debtors' bankruptcy cases are jointly administered under the case styled and numbered *In re Guaranty Financial Group Inc., et al.,* Case No. 09-35582 (Bankr. N.D. Tex.) (the "Bankruptcy Case").

2. On August 21, 2009, the Office of Thrift Supervision closed Guaranty Bank, a federally chartered savings bank that is a subsidiary of GFG and GHI and appointed the FDIC-R as Receiver.[1]

3. On January 28, 2010, the FDIC-R filed its Motion of the Federal Deposit Insurance Corporation, as Receiver for Guaranty Bank, for an Order Modifying the Automatic Stay as to Property and Granting Setoff by the FDIC-Receiver (the "Stay Motion).

4. The Debtors and Wilmington Trust, as a creditor in the Bankruptcy Case, oppose some or all of the relief requested in the Stay Motion.

5. The preliminary hearing on the Stay Motion is scheduled for February 17, 2010, and the Stay Motion established February 11, 2010 as the deadline for filing responses to the Stay Motion.

6. Additional time is necessary to conduct and complete fact and expert discovery, to brief the issues raised in the Stay Motion, and to allow appropriate settlement negotiations between the Parties. Given the amount of preparation necessary before a final hearing on the Stay Motion, a preliminary hearing on the Stay Motion is unnecessary. Therefore, the Parties

---

[1] This Stipulation does not constitute a submission by the FDIC-R to the jurisdiction or authority of the Bankruptcy Court for the resolution of any regulatory matter involving the Debtors and the FDIC-R. Nor is this Stipulation an admission that this Court is the appropriate forum for disputes between the FDIC-R and the Debtors other than with respect to this Stipulation. The filing of this Stipulation shall not constitute a waiver or consent by the FDIC-R of any: (a) right to assert Sovereign Immunity whether the FDIC-R is acting in its capacity as Receiver; (b) right to have any and all final orders in any and all non-core matters entered only after de novo review by the United States District Court; (c) right to trial by jury in any proceedings as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related thereto, whether or not such jury trial right is pursuant to statute or the United States Constitution; (d) right to have the reference of this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal; or (e) other rights, claims, actions, defenses, setoffs, recoupments or other matters to which the FDIC-R is entitled under any agreements or at law or in equity or under the United States Constitution.

agree that the preliminary hearing scheduled for February 17, 2010 shall be passed to a final hearing.

7. The Parties agree that no affidavits need to be filed under Local Rule 4001-1.

8. The final hearing on the Stay Motion has been scheduled for August 9 through August 11, 2010.

9. The FDIC-R waives the timing requirements of 11 U.S.C. § 362(e)(1). The FDIC-R understands that the automatic stay will not terminate under 11 U.S.C. § 362(e)(1). The Parties consent to the scheduling of a final hearing more than thirty-days after the scheduled date of the preliminary hearing as required by 11 U.S.C. § 362(e)(1).

10. The Parties agree to file a separate stipulation on the docket with deadlines for the completion of fact and expert discovery, legal briefing, the exchange of exhibits and deposition excerpts, and settlement negotiations.

11. Responses to the relief requested in the Stay Motion must be filed and served on or before February 26, 2010.

12. The FDIC-R will give notice of the final hearing date to all parties on the master service list in the Bankruptcy Case.

**STIPULATED AND AGREED TO** as of February 12, 2010:

| | |
|---|---|
| **ADORNO YOSS WHITE & WIGGINS, L.L.P.** | **HAYNES AND BOONE, LLP** |

Peter C. Lewis
State Bar No. 12302100
Bank of America Plaza
901 Main Street, Suite 6200
Dallas, Texas 75202
Telephone: 214-665-4150
Facsimile: 214-665-4160

      -and-

**OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**

By: */s/ Steven B. Soll (with permission)*
Steven B. Soll
(Admitted *Pro Hac Vice*)
230 Park Avenue
New York, New York 10169
Telephone: 212-661-9100
Facsimile: 212-682-6104

Counsel for the Federal Deposit Insurance Corporation, as Receiver

By: */s/ Autumn D. Highsmith*
Robert D. Albergotti
State Bar No. 00969800
Ian T. Peck
State Bar No. 15881850
Autumn D. Highsmith
State Bar No. 24048806
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7672
Telephone: 214-651-5000
Facsimile: 817-348-5940

Counsel for the Debtors

**FOLEY & LARDNER LLP**

By: */s/ Douglas E. Spelfogel (with permission)*
Douglas E. Spelfogel
90 Park Avenue
New York, New York 10016-1314
Telephone: 212-338-3566

Counsel for Wilmington Trust Company