IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| GUARANTY FINANCIAL GROUP INC., | § | CASE NO. 09-35582-bjh |
| *et al.*, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |

**STIPULATION REGARDING RESPONSES TO, AND FINAL HEARING ON, MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR GUARANTY BANK, FOR AN ORDER MODIFYING THE AUTOMATIC STAY AS TO PROPERTY AND GRANTING SETOFF BY THE FDIC-RECEIVER**

Guaranty Financial Group Inc. ("GFG"), Guaranty Group Ventures Inc. ("GGVI"), Guaranty Holdings Inc. I ("GHI") and Guaranty Group Capital Inc. ("GGCI") (collectively, the "Debtors"), together with the Federal Deposit Insurance Corporation, as Receiver for Guaranty Bank (the "FDIC-R") and Wilmington Trust Company ("Wilmington Trust," and together with the Debtors and the FDIC-R, the "Parties"), stipulate as follows:

1.  On August 27, 2009, the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the North District of Texas, Dallas Division (the "Court") pursuant to which they have remained as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. The Debtors' bankruptcy cases are jointly administered under the case styled and numbered *In re Guaranty Financial Group Inc., et al.,* Case No. 09-35582 (Bankr. N.D. Tex.) (the "Bankruptcy Case").

2. On August 21, 2009, the Office of Thrift Supervision closed Guaranty Bank, a federally chartered savings bank that is a subsidiary of GFG and GHI and appointed the FDIC-R as Receiver.[1]

3. On January 28, 2010, the FDIC-R filed its Motion of the Federal Deposit Insurance Corporation, as Receiver for Guaranty Bank, for an Order Modifying the Automatic Stay as to Property and Granting Setoff by the FDIC-Reciver (the "Stay Motion).

4. The Debtors and Wilmington Trust, as a creditor in the Bankruptcy Case, oppose some or all of the relief requested in the Stay Motion.

5. The preliminary hearing on the Stay Motion was scheduled for February 17, 2010, and the Stay Motion established February 11, 2010 as the deadline for filing responses to the Stay Motion.

6. The Parties agreed that the preliminary hearing scheduled for February 17, 2010 would be passed to a final hearing. The FDIC-R has waived the timing requirements of 11 U.S.C. § 362(e)(1). The FDIC-R understands that the automatic stay will not terminate under 11 U.S.C. § 362(e)(1). The Parties have consented to the scheduling of the final hearing more than thirty-days after the scheduled date of the preliminary hearing as required by 11 U.S.C.

---

[1] This Stipulation does not constitute a submission by the FDIC-R to the jurisdiction or authority of the Bankruptcy Court for the resolution of any regulatory matter involving the Debtors and the FDIC-R. Nor is this Stipulation an admission that this Court is the appropriate forum for disputes between the FDIC-R and the Debtors other than with respect to this Stipulation. The filing of this Stipulation shall not constitute a waiver or consent by the FDIC-R of any: (a) right to assert Sovereign Immunity whether the FDIC-R is acting in its capacity as Receiver; (b) right to have any and all final orders in any and all non-core matters entered only after de novo review by the United States District Court; (c) right to trial by jury in any proceedings as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related thereto, whether or not such jury trial right is pursuant to statute or the United States Constitution; (d) right to have the reference of this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal; or (e) other rights, claims, actions, defenses, setoffs, recoupments or other matters to which the FDIC-R is entitled under any agreements or at law or in equity or under the United States Constitution.

§ 362(e)(1). The final hearing on the Stay Motion has been scheduled for September 13, 2010 at 9:00 a.m., September 14, 2010 at 10:00 a.m., and September 15, 2010 at 9:00 a.m.

7. The Parties agree to the following schedule for fact and expert discovery, legal briefing, the exchange of exhibits and deposition excerpts, and settlement negotiations:

    a. Discovery will close on July 2, 2010.

    b. Expert Reports must be exchanged among the Parties no later than June 2, 2010. Expert depositions will occur the week of June 21, 2010.

    c. Rebuttal Expert Reports must be exchanged among the Parties no later than July 2, 2010.

    d. Expert Reports, Rebuttal Expert Reports, and Depositions will not be filed on the Court's docket.

    e. Briefs in support of the relief requested in the Stay Motion will be filed and served on or before July 16, 2010.

    f. Briefs in opposition to the relief requested in the Stay Motion will be filed and served on or before August 12, 2010.

    g. Reply briefs in support of the relief requested in the Stay Motion will be filed and served on or before August 23, 2010.

    h. Witness and exhibit lists and deposition excerpts will be exchanged between the Parties at least ten (10) days before the date if the final hearing.

    i. Parties agree that a settlement conference will be held on April 13, 2010.

    j. The Parties may extend any date in this schedule by agreement, or these dates may be extended by order of the Court if less than all Parties agree to an extension.

8. The FDIC-R will give notice of the final hearing and the dates set forth in this stipulation to all parties on the master service list in the Bankruptcy Case.

[Remainder of Page Intentionally Blank]

STIPULATED AND AGREED TO as of March 12, 2010:

| ADORNO YOSS WHITE & WIGGINS, L.L.P. | HAYNES AND BOONE, LLP |
|---|---|
| By: _____ | By: *AH Smith* (signature) |
| Peter C. Lewis<br>State Bar No. 12302100<br>Bank of America Plaza<br>901 Main Street, Suite 6200<br>Dallas, Texas 75202<br>Telephone: 214-665-4150<br>Facsimile: 214-665-4160 | Robert D. Albergotti<br>State Bar No. 00969800<br>Ian T. Peck<br>State Bar No. 15881850<br>Autumn D. Highsmith<br>State Bar No. 24048806<br>Haynes and Boone, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219-7672<br>Telephone: 214-651-5000<br>Facsimile: 817-348-5940 |

-and-

**OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**

Counsel for the Debtors

By: _____

**FOLEY & LARDNER LLP**

Steven B. Soll
(Admitted *Pro Hac Vice*)
230 Park Avenue
New York, New York 10169
Telephone: 212-661-9100
Facsimile: 212-682-6104

By: _____

Douglas E. Spelfogel
90 Park Avenue
New York, New York 10016-1314
Telephone: 212-338-3566

Counsel for the Federal Deposit Insurance Corporation, as Receiver

Counsel for Wilmington Trust Company

**STIPULATED AND AGREED TO** as of March _12_, 2010:

| | |
|---|---|
| **ADORNO YOSS WHITE & WIGGINS, L.L.P.** | **HAYNES AND BOONE, LLP** |

By: _____

By: _____

Peter C. Lewis
State Bar No. 12302100
Bank of America Plaza
901 Main Street, Suite 6200
Dallas, Texas 75202
Telephone: 214-665-4150
Facsimile: 214-665-4160

Robert D. Albergotti
State Bar No. 00969800
Ian T. Peck
State Bar No. 15881850
Autumn D. Highsmith
State Bar No. 24048806
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7672
Telephone: 214-651-5000
Facsimile: 817-348-5940

-and-

**OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**

Counsel for the Debtors

**FOLEY & LARDNER LLP**

By: _/s/ Steven B. Soll_

By: _____

Steven B. Soll
(Admitted *Pro Hac Vice*)
230 Park Avenue
New York, New York 10169
Telephone: 212-661-9100
Facsimile: 212-682-6104

Douglas E. Spelfogel
90 Park Avenue
New York, New York 10016-1314
Telephone: 212-338-3566

Counsel for the Federal Deposit Insurance Corporation, as Receiver

Counsel for Wilmington Trust Company

STIPULATED AND AGREED TO as of March 12, 2010:

| | |
|---|---|
| ADORNO YOSS WHITE & WIGGINS, L.L.P. | HAYNES AND BOONE, LLP |

By: /s/ _____     By: _____

Peter C. Lewis
State Bar No. 12302100
Bank of America Plaza
901 Main Street, Suite 6200
Dallas, Texas 75202
Telephone: 214-665-4150
Facsimile: 214-665-4160

-and-

**OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**

Robert D. Albergotti
State Bar No. 00969800
Ian T. Peck
State Bar No. 15881850
Autumn D. Highsmith
State Bar No. 24048806
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7672
Telephone: 214-651-5000
Facsimile: 817-348-5940

Counsel for the Debtors

By: _____

**FOLEY & LARDNER LLP**

Steven B. Soll
(Admitted *Pro Hac Vice*)
230 Park Avenue
New York, New York 10169
Telephone: 212-661-9100
Facsimile: 212-682-6104

By: _____

Douglas E. Spelfogel
90 Park Avenue
New York, New York 10016-1314
Telephone: 212-338-3566

Counsel for the Federal Deposit
Insurance Corporation, as Receiver

Counsel for Wilmington Trust Company

STIPULATED AND AGREED TO as of March _12_, 2010:

| ADORNO YOSS WHITE & WIGGINS, L.L.P. | HAYNES AND BOONE, LLP |
|---|---|

By: _____

Peter C. Lewis
State Bar No. 12302100
Bank of America Plaza
901 Main Street, Suite 6200
Dallas, Texas 75202
Telephone: 214-665-4150
Facsimile: 214-665-4160

-and-

**OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.**

By: _____

Steven B. Soll
(Admitted *Pro Hac Vice*)
230 Park Avenue
New York, New York 10169
Telephone: 212-661-9100
Facsimile: 212-682-6104

Counsel for the Federal Deposit Insurance Corporation, as Receiver

By: _____

Robert D. Albergotti
State Bar No. 00969800
Ian T. Peck
State Bar No. 15881850
Autumn D. Highsmith
State Bar No. 24048806
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7672
Telephone: 214-651-5000
Facsimile: 817-348-5940

Counsel for the Debtors

**FOLEY & LARDNER LLP**

By: _____ /s/ _____

Douglas E. Spelfogel
90 Park Avenue
New York, New York 10016-1314
Telephone: 212-338-3566

Counsel for Wilmington Trust Company