IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| GUARANTY FINANCIAL GROUP INC., | § | CASE NO. 09-35582-bjh |
| *et al.*, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |

**AMENDED STIPULATION REGARDING RESPONSES TO, AND FINAL HEARING ON, MOTION OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR GUARANTY BANK, FOR AN ORDER MODIFYING THE AUTOMATIC STAY AS TO PROPERTY AND GRANTING SETOFF BY THE FDIC-RECEIVER**

Guaranty Financial Group Inc. ("GFG"), Guaranty Group Ventures Inc. ("GGVI"), Guaranty Holdings Inc. I ("GHI") and Guaranty Group Capital Inc. ("GGCI") (collectively, the "Debtors"), together with the Federal Deposit Insurance Corporation, as Receiver for Guaranty Bank (the "FDIC-R") and Wilmington Trust Company ("Wilmington Trust," and together with the Debtors and the FDIC-R, the "Parties"), stipulate as follows:

1. On August 27, 2009, the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the North District of Texas, Dallas Division (the "Court") pursuant to which they have remained as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. The Debtors' bankruptcy cases are jointly administered under the case styled and numbered *In re Guaranty Financial Group Inc., et al.,* Case No. 09-35582 (Bankr. N.D. Tex.) (the "Bankruptcy Case").

2. On August 21, 2009, the Office of Thrift Supervision closed Guaranty Bank, a federally chartered savings bank that is a subsidiary of GFG and GHI and appointed the FDIC-R as Receiver.[1]

3. On January 28, 2010, the FDIC-R filed its Motion of the Federal Deposit Insurance Corporation, as Receiver for Guaranty Bank, for an Order Modifying the Automatic Stay as to Property and Granting Setoff by the FDIC-Receiver (the "Stay Motion).

4. The Debtors and Wilmington Trust, as a creditor in the Bankruptcy Case, oppose some or all of the relief requested in the Stay Motion.

5. The preliminary hearing on the Stay Motion was scheduled for February 17, 2010, and the Stay Motion established February 11, 2010 as the deadline for filing responses to the Stay Motion.

6. The Parties agreed that the preliminary hearing scheduled for February 17, 2010 would be passed to a final hearing. The FDIC-R has waived the timing requirements of 11 U.S.C. § 362(e)(1). The FDIC-R understands that the automatic stay will not terminate under 11 U.S.C. § 362(e)(1). The Parties have consented to the scheduling of the final hearing more than thirty-days after the scheduled date of the preliminary hearing as required by 11 U.S.C.

---

[1] This Stipulation does not constitute a submission by the FDIC-R to the jurisdiction or authority of the Bankruptcy Court for the resolution of any regulatory matter involving the Debtors and the FDIC-R. Nor is this Stipulation an admission that this Court is the appropriate forum for disputes between the FDIC-R and the Debtors other than with respect to this Stipulation. The filing of this Stipulation shall not constitute a waiver or consent by the FDIC-R of any: (a) right to assert Sovereign Immunity whether the FDIC-R is acting in its capacity as Receiver; (b) right to have any and all final orders in any and all non-core matters entered only after de novo review by the United States District Court; (c) right to trial by jury in any proceedings as to any and all matters so triable therein, whether or not the same be designated legal or private rights, or in any case, controversy or proceeding related thereto, whether or not such jury trial right is pursuant to statute or the United States Constitution; (d) right to have the reference of this matter withdrawn by the United States District Court in any matter or proceeding subject to mandatory or discretionary withdrawal; or (e) other rights, claims, actions, defenses, setoffs, recoupments or other matters to which the FDIC-R is entitled under any agreements or at law or in equity or under the United States Constitution.

§ 362(e)(1). The final hearing on the Stay Motion, originally scheduled for September 13-15, 2010, has been rescheduled for December 13, 2010 @ 9:00 a.m., December 14, 2010 @ 10:00 a.m., and December 15, 2010 @ 9:00 a.m.

7. Based on the rescheduled final hearing dates, the Parties agree to the following revised schedule for fact and expert discovery, legal briefing, the exchange of exhibits and deposition excerpts, and settlement negotiations:

   a. Discovery will close on September 13, 2010.

   b. Expert Reports must be exchanged among the Parties no later than July 22, 2010. Expert depositions will occur the week of August 9, 2010.

   c. Rebuttal Expert Reports must be exchanged among the Parties no later than September 13, 2010.

   d. Expert Reports, Rebuttal Expert Reports, and Depositions will not be filed on the Court's docket.

   e. Briefs in support of the relief requested in the Stay Motion will be filed and served on or before September 27, 2010.

   f. Briefs in opposition to the relief requested in the Stay Motion will be filed and served on or before October 27, 2010.

   g. Reply briefs in support of the relief requested in the Stay Motion will be filed and served on or before November 8, 2010.

   h. Witness and exhibit lists and deposition excerpts will be exchanged between the Parties at least ten (10) days before the date of the final hearing.

i. The Parties may extend any date in this schedule by agreement, or these dates may be extended by order of the Court if less than all Parties agree to an extension.

8. The FDIC-R will give notice of the final hearing and the dates set forth in this stipulation to all parties on the master service list in the Bankruptcy Case.

[Remainder of Page Intentionally Blank]

STIPULATED AND AGREED TO as of May /2, 2010:

| | |
|---|---|
| **ADORNO YOSS WHITE & WIGGINS, L.L.P.** | **HAYNES AND BOONE, LLP** |
| By: _____ | By: *(signed) AHSmith* |
| Peter C. Lewis<br>State Bar No. 12302100<br>Bank of America Plaza<br>901 Main Street, Suite 6200<br>Dallas, Texas 75202<br>Telephone: 214-665-4150<br>Facsimile: 214-665-4160 | Robert D. Albergotti<br>State Bar No. 00969800<br>Ian T. Peck<br>State Bar No. 24013306<br>Autumn D. Highsmith<br>State Bar No. 24048806<br>Haynes and Boone, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219-7672<br>Telephone: 214-651-5000<br>Facsimile: 817-348-5940 |
| -and- | |
| **OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.** | Counsel for the Debtors |
| | **FOLEY & LARDNER LLP** |
| By: _____ | By: _____ |
| Steven B. Soll<br>(Admitted *Pro Hac Vice*)<br>230 Park Avenue<br>New York, New York 10169<br>Telephone: 212-661-9100<br>Facsimile: 212-682-6104 | Douglas E. Spelfogel<br>90 Park Avenue<br>New York, New York 10016-1314<br>Telephone: 212-338-3566 |
| Counsel for the Federal Deposit Insurance Corporation, as Receiver | Counsel for Wilmington Trust Company |

STIPULATED AND AGREED TO as of May _____, 2010:

| | |
|---|---|
| **ADORNO YOSS WHITE & WIGGINS, L.L.P.** | **HAYNES AND BOONE, LLP** |
| By: *[signature]* | By: _____ |
| Peter C. Lewis | Robert D. Albergotti |
| State Bar No. 12302100 | State Bar No. 00969800 |
| Bank of America Plaza | Ian T. Peck |
| 901 Main Street, Suite 6200 | State Bar No. 24013306 |
| Dallas, Texas 75202 | Autumn D. Highsmith |
| Telephone: 214-665-4150 | State Bar No. 24048806 |
| Facsimile: 214-665-4160 | Haynes and Boone, LLP |
| | 2323 Victory Avenue, Suite 700 |
| -and- | Dallas, Texas 75219-7672 |
| **OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.** | Telephone: 214-651-5000 |
| | Facsimile: 817-348-5940 |
| | Counsel for the Debtors |
| By: *[signature]* Steven B. Soll | **FOLEY & LARDNER LLP** |
| Steven B. Soll | By: _____ |
| (Admitted *Pro Hac Vice*) | |
| 230 Park Avenue | Douglas E. Spelfogel |
| New York, New York 10169 | 90 Park Avenue |
| Telephone: 212-661-9100 | New York, New York 10016-1314 |
| Facsimile: 212-682-6104 | Telephone: 212-338-3566 |
| Counsel for the Federal Deposit Insurance Corporation, as Receiver | Counsel for Wilmington Trust Company |

STIPULATED AND AGREED TO as of May ____, 2010:

| | |
|---|---|
| **ADORNO YOSS WHITE & WIGGINS, L.L.P.** | **HAYNES AND BOONE, LLP** |
| By: _____ | By: _____ |
| Peter C. Lewis<br>State Bar No. 12302100<br>Bank of America Plaza<br>901 Main Street, Suite 6200<br>Dallas, Texas 75202<br>Telephone: 214-665-4150<br>Facsimile: 214-665-4160 | Robert D. Albergotti<br>State Bar No. 00969800<br>Ian T. Peck<br>State Bar No. 24013306<br>Autumn D. Highsmith<br>State Bar No. 24048806<br>Haynes and Boone, LLP<br>2323 Victory Avenue, Suite 700<br>Dallas, Texas 75219-7672<br>Telephone: 214-651-5000<br>Facsimile: 817-348-5940 |
| -and- | |
| **OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.** | Counsel for the Debtors<br><br>**FOLEY & LARDNER LLP** |
| By: _____ | By: _/s/ signed_____ |
| Steven B. Soll<br>(Admitted *Pro Hac Vice*)<br>230 Park Avenue<br>New York, New York 10169<br>Telephone: 212-661-9100<br>Facsimile: 212-682-6104 | Douglas E. Spelfogel<br>90 Park Avenue<br>New York, New York 10016-1314<br>Telephone: 212-338-3566 |
| Counsel for the Federal Deposit Insurance Corporation, as Receiver | Counsel for Wilmington Trust Company |