Dennis S. Faulkner
Jason A. Rae
**LAIN, FAULKNER & CO., P.C.**
400 N. Saint Paul, Suite 600
Dallas, TX 75201
Telephone: (214) 720-1929
Fax: (214) 720-1450

*Chief Restructuring Officer and*
*Additional Personnel*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| GUARANTY FINANCIAL GROUP INC., | § | CASE NO. 09-35582-bjh |
| *et al.*, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | HEARING DATE AND TIME: |
| | § | |

## FEE APPLICATION COVER SHEET

| | | | |
|---|---|---|---|
| **Fee Application**: | Second Interim | | |
| **Applicant**: | Lain, Faulkner & Co., P.C. | | |
| **Time Period**: | December 1, 2009 through March 31, 2010 | | |
| **Capacity**: | Chief Restructuring Officer and Additional Personnel | | |
| **Retainer Received**: | None | | |
| **Interim Amount Requested to Allow**: | Fees: | $ 51,569.50 | |
| | Expenses | 242.94 | |
| **Amount Requested to Pay**: | | $ 51,812.44 | |
| Amounts Previously Requested | Fees: | $ 126,178.25 | |
| | Expenses | 1,153.11 | |
| **Amounts Previously Paid**: | | $ 127,331.36 | |

SECOND INTERIM APPLICATION OF DENNIS FAULKNER AND LAIN, FAULKNER & CO., P.C.,
CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL FOR THE DEBTORS,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES - Page 1

## HOURLY RATES

| | |
|---|---|
| Total Professional Billed Hours: | 121.50 |
| Total Paraprofessional Billed Hours: | 63.00 |
| Total Number of Hours: | 184.50 |
| | |
| Highest Professional Rate: | $425.00 |
| Lowest Professional Rate: | $225.00 |
| Blended Professional Rate: | $331.41 |
| Highest Paraprofessional Rate: | $215.00 |
| Lowest Paraprofessional Rate: | $95.00 |
| Blended Paraprofessional Rate: | $179.42 |

## EXPENSES

| | |
|---|---|
| Copies (in-house) | $113.40 |
| Courier Service | 64.82 |
| Other (PACER) | 15.44 |
| Parking & Tolls | 10.00 |
| Postage/Overnight Delivery | 28.60 |
| Telecopy | 1.40 |
| Telephone | 9.28 |
| | $242.94 |

Dated: May 27, 2010        By: /s/ Dennis Faulkner

Dennis S. Faulkner
Jason A. Rae
**LAIN, FAULKNER & CO., P.C.**
400 N. Saint Paul, Suite 600
Dallas, TX 75201
Telephone: (214) 720-1929
Fax: (214) 720-1450

*Chief Restructuring Officer and*
*Additional Personnel*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| GUARANTY FINANCIAL GROUP INC., | § | CASE NO. 09-35582-bjh |
| *et al.*, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | HEARING DATE AND TIME: |
| | § | |

## SECOND INTERIM APPLICATION OF DENNIS FAULKNER AND LAIN, FAULKNER & CO., P.C., CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL FOR THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

DENNIS FAULKNER and LAIN, FAULKNER & CO., P.C. (collectively, the "Applicant"), Chief Restructuring Officer and Additional Personnel for Guaranty Financial Group Inc., Guaranty Group Ventures Inc., Guaranty Holdings Inc. I, and Guaranty Group Capital Inc. (collectively, "Guaranty" or the "Debtors"), files this Second Interim Application for the period December 1, 2009 through March 31, 2010 ("Application Period") for Allowance of Compensation and Reimbursement of Expenses Advanced (the "Application").

1. This Court has jurisdiction over the subject matter of this Application pursuant to the provisions of 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Application is filed pursuant to 11 U.S.C. §§ 330, 331 and 503(b)(2) and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

2. On August 27, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. §101, et seq.

3. No trustee, examiner or committee has been appointed in these Chapter 11 cases.

4. The Debtors continue in possession of their property and continue to operate and manage their business as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

5. The Debtors filed their Application Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for Authorization to (A) Employ and Retain Lain, Faulkner & Co., P.C. to Provide the Debtors a Chief Restructuring Officer and Additional Personnel, and (B) to Designate Dennis Faulkner as the Chief Restructuring Officer for the Debtors *Nunc Pro Tunc* to the Petition Date on August 27, 2009 [Docket No. 8]. On November 20, 2009 the Court entered an order authorizing the Applicant's retention as Chief Restructuring Officer (and providing additional personnel) to the Debtors [Docket No. 122] (the "Retention Order"). Although the Applicant was retained under section 363(b) of the Bankruptcy Code, the Retention Order provides that the Applicant shall be compensated in accordance with the requirements of sections 330 and 331 of the Bankruptcy Code, and accordingly the Applicant submits this Application. A true and correct copy of this Order is attached hereto as Exhibit "A." Attached as Exhibit "B" are brief resumes of the personnel involved in this engagement for whose services compensation is being sought.

6. During the Application Period, Applicant has provided professional management, accounting and financial consulting services for the Debtors pursuant to § 330 and 331 of the United States Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure and makes this Application for the award of reasonable compensation and reimbursement of reasonable and necessary out-of-pocket expenses.

7. Applicant filed its first interim application on December 4, 2009 requesting fees in the amount of $126,178.25 and expenses in the amount of $1,153.11 for a total of $127,331.36. These fees were approved on December 29, 2009 and paid on December 31, 2009.

8. Applicant believes that the fees applied for herein are fair and reasonable in view of the time spent, the size, complexity and extent of the operation of the estate, the risks associated with this case, and the results obtained. Applicant has attached as Exhibit "C" a

summary, by individual, which lists the total hours billed and the applicable billing rates. In addition, Applicant has attached as Exhibit "D" a time summary by project representing total hours billed and total fees requested for each project category. Supplementing Exhibit "D" are Exhibits "E" through "R" which itemize the time spent by each individual on each project and the detailed description of how each of these hours was spent on a day-to-day basis.[1]

9.  By and through this Application, Applicant requests approval of fees in the amount of $51,569.50 and expenses in the amount of $242.94 for a total of $51,812.44, for the Application Period. During the Application Period Applicant spent a total of 184.5 hours providing the services for which fees are requested.

10. The general categories of management, accounting and financial consulting services rendered by the Applicant are summarized as follows:

    A.  <u>Case Administration</u>. Applicant spent time with general case matters including coordination of settlement conferences, hearing schedules and matters involving interface with various government agencies.. Fees for this project total $2,097.00. See Exhibit "E."

    B.  <u>Database Construction</u>. This project code captures Applicant's basic start-up work which includes inputting the scheduled claims and individual proofs of claim filed into Applicant's proprietary Claims Administration System ("CAS") software and reconciling the resulting database to the bankruptcy schedules and claims docket. Time spent matching scheduled claims to proof of claims is also recorded here. Fees for this project total $3,627.50. See Exhibit "F."

    C.  <u>Claims Management Services</u>. This project code is used to address questions from the Trustee or counsel regarding specific claims or performing overall claims analysis to generate overview summaries to assist in case management and Plan development and implementation. This project code is also used for identifying objectionable claims, tracking objection motions and orders, and otherwise providing

---

[1] Exhibits "A" through "S" are voluminous and will not be attached to the service copies of the Application. Copies of Exhibits "A" through "S" can be obtained by contacting Kim Morzak, Paralegal, at 214.651.5420 or via e-mail at kim.morzak@haynesboone.com.

SECOND INTERIM APPLICATION OF DENNIS FAULKNER AND LAIN, FAULKNER & CO., P.C.,
CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL FOR THE DEBTORS,
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES - Page 5

support in the objection process. Applicant also spent time receiving correspondence, voice mails, e-mails and telecoms from creditors and taking appropriate action. Fees for this project total $14,419.00. See Exhibit "G."

    D.    <u>Asset Management</u>. This project code captures Applicant's work in obtaining control and transitioning the assets of the Debtors. Specifically, the Chief Restructuring Officer has spent time analyzing various insurance policies and pursuing cancelation of policies and refunds. Fees for this project total $2,958.50. See Exhibit "H."

    E.    <u>Litigation Services</u>. Applicant spent time associated with assisting counsel in background research and document discovery in relation to various litigation matters. Fees for this project total $733.00. See Exhibit "I."

    F.    <u>Court Hearing / Testimony</u>. Applicant prepared for, attended and/or testified at the hearings. Fees for this project total $2,743.00. See Exhibit "J."

    G.    <u>Accounting</u>. At the time of the filing of the Debtors' petitions, the Debtors had no employees and all officers ceased employment on or before the Petition Date. Therefore Applicant has been required to provide all accounting necessary for the Debtors. Such actions include routine functions such as maintaining bank accounts, processing and recording cash receipts and disbursements and general bookkeeping. Fees for this project total $2,883.50. See Exhibit "K."

    H.    <u>Bankruptcy Schedules / Statement of Financial Affairs</u>. This project code includes time for which the Applicant prepared amended Schedule E. Applicant spent time reconciling the Bankruptcy Schedules and Statements of Financial Affairs for Debtors to CAS. Fees for this project total $1,226.50. See Exhibit "L."

    I.    <u>Report Preparation</u>. During the Application period, Applicant prepared the Monthly Operating Reports as required by the U.S. Trustee's Office for all Debtors and assisted in the preparation of multiple 8K's as required by the Securities and Exchange Commission. Fees for this project total $5,332.00. See Exhibit "M."

  J. Financial Analysis. Applicant spent time researching information as requested by counsel and other parties in interest. Fees for this project total $1,638.50. See Exhibit "N."

  K. Employment/Fee Application. This project code captures the preparation of the First and Second Interim Fee Applications of Dennis Faulkner and Lain, Faulkner & Co., P.C. Fees for this project total $4,459.50. See Exhibit "O."

  L. Document Management. This project code captures time spent meeting with U.S. Postal Service employees regarding forwarding orders for mail delivery. Fees for this project total $1,250.00. See Exhibit "P."

  M. Tax Services. This project code captures Applicant's time spent in dealing with a variety of tax matters for the Debtors. Some of the major tasks during the Application Period include coordinating for the IRS audit with the IRS and the accounting firm preparing the tax return; preparing Forms 1099 and preparing the extension requests for various returns. Fees for this project total $8,201.50. See Exhibit "Q."

  N. Client Time Not Billed. Exhibit "R" includes a summary of time not billed. In addition to the fees incurred in the projects set forth above, Applicant worked 2.4 hours for which no compensation is requested. Fees foregone total $1,028.00. See Exhibit "R."

11. Exhibit "S" includes a summary and detailed itemization of actual and necessary expenses incurred by Applicant for which reimbursement is sought in the amount of $242.94. Applicant represents that such expenses are reasonable, economical and customarily charged to non-bankruptcy clients. Applicant further represents that requested expenses adhere to allowable rates for expenses as fixed by federal and local guidelines or order of the Court.

12. The Fifth Circuit Court of Appeals has enumerated a number of factors which should be considered in awarding compensation to professionals, such as the Applicant, in a bankruptcy proceeding such as the instant one. See *First Colonial Corp. v. Am. Benefit Life Ins.*

*Co.*, 544 F.2d 1291 (5th Cir. 1977) *cert. denied*, 431 U.S. 904 (1977). See *Lawler v. Teofan*, 807 F.2d 1207 (5th Cir. 1987). See also 11 U.S.C. §330. Consideration of these factors follows:

  A. <u>Time and Labor Required</u>. Since its appointment, Applicant has committed the necessary time and effort on behalf of the Debtors. During the Application Period, a total of 184.5 hours were incurred by the Applicant on behalf of the Debtors.

  B. <u>Novelty and Difficulty of the Questions</u>. The issues that Applicant encountered serving as Chief Restructuring Officer and Additional Personnel during this Application Period have been of a complex and specialized nature, requiring advanced skills and knowledge in estate management, bankruptcy accounting, claims analysis, financial analysis, electronic data management and specialized reporting in order to obtain results useful to the Debtors and beneficial to the estate.

  C. <u>Skill Requisite to Perform the Services Properly</u>. Applicant's firm has members, including those who have performed services on behalf of the Debtors, who are specialized in various facets of bankruptcy matters including fiduciary services, financial analysis, accounting, financial consulting, claims analysis and electronic data management. Due to their expertise and skill in these specialized areas, Applicant believes far more time would have been expended by less experienced personnel, with considerably less desirable results. The array of management, accounting, financial analysis, specialized reporting considerations and computer issues presented in this proceeding and the prompt and skillful action taken with regard to such problems by Applicant required a very high degree of expertise and experience. Applicant's abilities in this area are well known and enable it to provide services effectively and efficiently in bankruptcy proceedings such as the instant one.

  D. <u>Exclusion of Other Employment</u>. Applicant does not believe that this is or should be a significant factor in the consideration of this Application.

  E. <u>Customary Fees</u>. The fees for which Applicant has applied herein are within the customary fees awarded in other proceedings for similar services rendered and results obtained.

F.  <u>Whether the Fee is Fixed or Contingent</u>. Applicant's fee in this proceeding is fixed at its standard hourly rates and is not contingent upon results achieved or the ultimate availability of funds for the payment of said fees from the bankruptcy estate. Applicant, however, concedes that fees in bankruptcy cases, and more especially in cases such as this, are contingent on success of the case as well as being subject to scrutiny by this Court.

G.  <u>Time Limitations</u>. Applicant believes that its role in this case has, to date, been handled in an expeditious manner, given the factual circumstances involved and the complex issues confronted. Applicant further believes that no undue delays have occurred and that it has proceeded expeditiously and efficiently to the benefit of the Debtors, the creditors and all other parties-in-interest.

H.  <u>The Amount Involved and Results Obtained</u>. Results of Applicant's work, while not precisely quantifiable at this early stage, have doubtlessly yielded substantial benefits to the creditors and all other parties-in-interest. During the Application Period, Applicant assisted in securing the assets and records of the Debtors which are vital to future potential recoveries as well as ensure proper and timely reporting to the SEC, various taxing authorities, the U.S. Trustee's Office and other parties in interest.

I.  <u>Experience, Reputation and Ability of Applicant</u>. Applicant submits that its personnel are respected for their ability in management, accounting and financial consulting services, particularly in regard to bankruptcy situations. Applicants have been retained by numerous debtors-in-possession, trustees, secured creditors and creditors committees in various Chapter 11 and Chapter 7 proceedings and have received favorable comments from the Courts and other parties-in-interest.

J.  <u>Undesirability of the Case</u>. Applicant does not believe that this is or should be a significant factor in the consideration of this Application. Indeed, Applicant does not believe that this case was undesirable during the Application Period.

K. <u>The Nature and Length of the Professional Relationship with the Debtor</u>. Prior to Applicant's engagement by the Debtors in August 2009, Applicant had not performed services for the Debtors or any related entities.[2] Applicant has performed accounting services in numerous other bankruptcies, some of which also involved certain creditors and attorneys involved in this case.

L. <u>Awards in Similar Cases</u>. Applicant believes that the services rendered herein as Chief Restructuring Officer and Additional Personnel have substantially benefited the estate and its creditors, and that such services are of a reasonable value. Applicant further represents that the fees applied for are in conformity with fees allowed in similar proceedings for similar services rendered and results obtained. Applicant respectfully requests that the Court take judicial notice of the awards that have been made in similar proceedings in this Court and other bankruptcy courts in the State of Texas.

13. Applicant does not hold nor has it represented at any time during this engagement any interest adverse to the estate, and has been at all times a disinterested party. Applicant has made no agreement for the sharing of compensation for services rendered in or in connection with this case with any other person, other than the individual members of the Applicant's firm. Applicant has incorporated as Exhibit "T" a statement certifying the firm's billing rates and confirming the review of this Application by the U.S. Trustee.

---

[2] Lain, Faulkner was retained by Fulbright & Jaworski L.L.P. to assist in their representation of a related entity client in a matter that is not related to these Chapter 11 cases.

SECOND INTERIM APPLICATION OF DENNIS FAULKNER AND LAIN, FAULKNER & CO., P.C.,
CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL FOR THE DEBTORS,
<u>FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES</u> - Page 10

# PRAYER FOR RELIEF

WHEREFORE, the Applicant respectfully requests that the Court (i) allow on an interim basis, the reasonable compensation for professional services rendered in the amount of $51,569.50 and the reimbursement of actual and necessary expenses in the amount of $242.94, aggregating to $51,812.44, incurred by Applicant in its role as Chief Restructuring Officer and Additional Personnel; (ii) authorize payment to Applicant of the total amount of $51,812.44; and (iii) grant Applicant such other and further relief as is just and proper.

Respectfully submitted,

_/s/ Dennis Faulkner_
Dennis S. Faulkner
Jason A. Rae
LAIN, FAULKNER & CO., P.C.
400 N. Saint Paul, Suite 600
Dallas, Texas 75201
(214) 720-1929 Telephone
(214) 720-1450 Facsimile

L:\DATA\CLIENT\PD1054\FEE APPLICATION\SECOND FEE APP.DOC

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on May 28, 2010 a true and correct copy of the foregoing document[1] was served upon all parties on the Limited Service List [Docket No. 231] (i) via e-mail (if available as indicated thereon) <u>or</u> United States first class mail, postage prepaid, and (ii) via e-mail upon the parties that receive electronic notice in these cases pursuant to the Court's ECF filing system:

          <u>/s/  Ian T. Peck            </u>
          Ian T. Peck

---

[1] Copies of Exhibits A-T are available upon request by contacting Kim Morzak, Paralegal, at 214.651.5420 or via e-mail at kim.morzak@haynesboone.com