Robert D. Albergotti
State Bar No. 00969800
Ian T. Peck
State Bar No. 24013306
Autumn D. Highsmith
State Bar No. 24048806
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

**ATTORNEYS FOR THE
DEBTORS-IN-POSSESSION**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| GUARANTY FINANCIAL GROUP INC., | § | CASE NO. 09-35582-bjh |
| *et al.*, | § | (Jointly Administered) |
| | § | |
| Debtors. | § | Hearing Date and Time: |
| | § | Tuesday, July 6, 2010 @ 9:15 a.m. |

**DEBTORS' THIRD MOTION PURSUANT TO 11 U.S.C. § 1121(d)(1)
FOR AN ORDER EXTENDING THE EXCLUSIVE PERIODS IN
WHICH TO PROPOSE A CHAPTER 11 PLAN OF
REORGANIZATION AND TO SOLICIT ACCEPTANCES THEREOF**

Guaranty Financial Group Inc., Guaranty Group Ventures Inc., Guaranty Holdings Inc. I, and Guaranty Group Capital Inc. (collectively, the "Debtors"), as debtors-in-possession, file this Third Motion Pursuant to 11 U.S.C. § 1121(d)(1) for an Order Extending the Exclusive Periods in Which to Propose a Chapter 11 Plan of Reorganization and to Solicit Acceptances Thereof (the "Motion"), and, in support thereof, respectfully represent as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the requested relief is

11 U.S.C. § 1121(d)(1).

## II. BACKGROUND

**A.  General Background**

2.  On August 27, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their business as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.  The Debtors' Chapter 11 cases are jointly administered.

3.  No official committee of unsecured creditors has been appointed in these Chapter 11 cases.  Further, no trustee or examiner has been requested or appointed in any of these Chapter 11 cases.

4.  On the Petition Date, the Debtors filed the Statement of Background Information in Support of the Debtors' Chapter 11 Petitions (the "Background Statement") and the Declaration of Dennis Faulkner in Support of Debtors' Chapter 11 Petitions and First-Day Motions (the "First Day Declaration"), which are incorporated by reference in this Motion.

5.  The Debtors intend for this motion and the facts recited herein to be treated as the Debtors' report required by Local Bankruptcy Rule 3016.1.

**B.  First Exclusivity Extension Motion**

6.  On December 2, 2009, the Debtors filed their Motion Pursuant to 11 U.S.C. § 1121(d)(1) for an Order Extending the Exclusive Periods in Which to Propose a Chapter 11 Plan of Reorganization and to Solicit Acceptances Thereof (the "First Exclusivity Motion").

7.  On December 22, 2009, this Court conducted a hearing at which it approved the First Exclusivity Motion.  This Court's Order Extending the Debtors' Exclusive Periods in Which to Propose a Chapter 11 Plan of Reorganization and to Solicit Acceptances Thereof (the "First Exclusivity Extension Order"), entered on January 27, 2010, extended the Debtors'

deadline to file a Chapter 11 plan of reorganization or liquidation up to and including March 22, 2010 (the "Exclusive Filing Period"), and extended the Debtors' deadline to solicit votes in favor of a Chapter 11 plan of reorganization or liquidation up to and including May 21, 2010 (the "Exclusive Solicitation Period", and together with the Exclusive Filing Period, the "Exclusive Periods"). The First Exclusivity Extension Order extended the Exclusive Periods without prejudice to the Debtors' right to seek additional and further extensions of the Exclusive Periods.

**C.    The FDIC-R Motion for Relief from Stay**

8.    On January 28, 2010, the Federal Deposit Insurance Corporation, as Receiver for Guaranty Bank (the "FDIC-R") filed its Motion of the Federal Deposit Insurance Corporation, as Receiver for Guaranty Bank, for an Order Modifying the Automatic Stay as to Property and Granting Setoff by the FDIC-Receiver (the "Stay Motion").

9.    Pursuant to the Stay Motion, the FDIC-R has requested authority to setoff certain alleged claims against the Debtors against funds transferred to the estates' debtor-in-possession bank accounts pursuant to the Order Implementing the Requirements of Section 345(b) of the Bankruptcy Code and the Region VI, Northern District of Texas, Guidelines for Chapter 11 Debtors-in-Possession, signed on September 3, 2009. If successful in prosecuting all of its claims, the FDIC-R would have a right to setoff all of the funds currently in the bankruptcy estates.

10.    The Debtors and Wilmington Trust Company ("Wilmington Trust"), a creditor in these Chapter 11 cases, oppose some or all of the relief sought in the Stay Motion.

11.    The Debtors, the FDIC-R and Wilmington Trust have entered into an Amended Stipulation Regarding Responses to and Final Hearing on Motion of the Federal Deposit Insurance Corporation, as Receiver for Guaranty Bank, for an Order Modifying the Automatic

Stay as to Property and Granting Setoff by the FDIC-Receiver [Docket No. 225] agreeing, among other things, to waive the preliminary hearing on the Stay Motion and pass the final hearing until December 13 through December 15, 2010.

12. The Debtors, the FDIC-R, and Wilmington Trust are involved in discovery and negotiations regarding the Stay Motion and will continue to be in preparation for the final hearing on the Stay Motion over the coming months.

**D.  Second Exclusivity Extension Motion**

13. On February 23, 2010, the Debtors filed their Second Motion Pursuant to 11 U.S.C. § 1121(d)(1) for an Order Extending the Exclusive Periods in Which to Propose a Chapter 11 Plan of Reorganization and to Solicit Acceptances Thereof (the "Second Exclusivity Motion").

14. On March 8, 2010, this Court conducted a hearing at which it approved the Second Exclusivity Motion. This Court's Order Further Extending the Debtors' Exclusive Periods in Which to Propose a Chapter 11 Plan of Reorganization and to Solicit Acceptances Thereof (the "Second Exclusivity Extension Order"), entered on March 16, 2010, extended the Debtors' deadline to file a Chapter 11 plan of reorganization or liquidation up to and including July 19, 2010 (the "Second Exclusive Filing Period"), and extended the Debtors' deadline to solicit votes in favor of a Chapter 11 plan of reorganization or liquidation up to and including September 17, 2010 (the "Second Exclusive Solicitation Period", and together with the Second Exclusive Filing Period, the "Extended Exclusive Periods"). The Second Exclusivity Extension Order enlarged the Extended Exclusive Periods without prejudice to the Debtors' right to seek additional and further extensions of the Extended Exclusive Periods.

15. Absent a further extension, the Debtors' periods for filing a proposed plan of reorganization or liquidation and soliciting acceptances to the same will expire on July 19, 2010 and September 17, 2010, respectively. The First and Second Exclusivity Extension Motions detailed the Debtors' earlier post-petition efforts toward effectuating an orderly wind-down of the Debtors' business. The Debtors incorporate the First and Second Exclusivity Extension Motions by reference herein.

**D.     The Investigation Stipulation**

16. The Debtors, the FDIC-R and Wilmington Trust previously entered into a Stipulation Regarding Establishment of Claims Investigation Procedures (the "Claims Investigation Stipulation"), which was approved by the Court on December 22, 2009. In the Claims Investigation Stipulation, the Debtors committed to certain dates to propose and file a plan of reorganization.

17. The Second Exclusivity Extension Order amended numbered paragraph 6 of the Claims Investigation Stipulation extending the deadline for the Debtors to provide an initial draft Plan and Disclosure Statement to Wilmington Trust, FDIC-R, and Committee, if any, to July 5, 2010, or such other date as may be agreed to by the Debtors, Wilmington Trust and FDIC-R (and, if appointed, any Committee).

18. The FDIC-R, Wilmington Trust, and the Debtors have agreed to a further amendment of numbered paragraph 6 of the Claims Investigation Stipulation. Paragraph 6 of the Claims Investigation Stipulation will be amended to provide:

> The Debtors shall provide an initial draft plan of liquidation (the "Plan") and disclosure statement (the "Disclosure Statement"), to Wilmington Trust, FDIC-R, and Committee, if any, not later than October 4, 2010 or such other date as may be agreed to by the Debtors, Wilmington Trust and FDIC-R (and, if appointed, any Committee). The Debtors shall (i) use best efforts to accommodate

the comments of Wilmington and FDIC-R and the Committee, if any; and (ii) file the Plan, Disclosure Statement, and a motion to approve the Disclosure Statement not later than October 18, 2010 or such other date as may be agreed to by the Debtors, Wilmington Trust, FDIC-R, and any Committee. The Plan shall provide for the appointment of a liquidating trustee acceptable to Wilmington Trust and the FDIC-R.

### III. RELIEF REQUESTED AND APPLICABLE AUTHORITY

19. Pursuant to this Motion and Bankruptcy Code § 1121(d)(1), the Debtors seek the entry of an order further extending the periods under Bankruptcy Code §§ 1121(b) and (c) in which the Debtors have the exclusive right to file a Chapter 11 plan and to solicit acceptances of such plan up to and including October 18, 2010 and December 17, 2010, respectively, without prejudice to their right to seek additional and further extensions of these periods as may be appropriate under the circumstances then prevailing. Additionally, the Debtors request that the Court approve the further amendment to the Claims Investigation Stipulation agreed to by the Debtors, the FDIC-R, and Wilmington Trust and set forth in paragraph 18 above

20. Bankruptcy Code § 1121(b) provides for an initial period of 120 days after the commencement of a Chapter 11 case during which a debtor has the exclusive right to file a Chapter 11 plan of reorganization or liquidation. Bankruptcy Code § 1121(c)(3) provides that if the debtor proposes a plan within the period proscribed by § 1121(b), it has a period of 180 days after the commencement of the Chapter 11 case to obtain acceptances of such plan.

21. Pursuant to Bankruptcy Code § 1121(d)(1), the Court may extend the Debtor's Exclusive Periods for cause. Bankruptcy Code § 1121(d)(1) provides in pertinent part:

> (d)(1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1). As described below, cause exists for further extending the Debtors'

Extended Exclusive Periods.

22. The paramount objectives of a Chapter 11 bankruptcy case are the negotiation, development, proposal, confirmation and consummation of a Chapter 11 plan of reorganization or liquidation. The exclusive periods were intended to afford a debtor a full and fair opportunity to achieve these objectives without the distraction caused by the filing of competing plans. As reflected in the legislative history of Bankruptcy Code § 1121, § 1121(d) "allows the flexibility in individual cases" to extend the periods in which the debtor has the exclusive right to file a plan of reorganization "to allow the debtor to reach an agreement." H.R. Rep. No. 595, 95th Cong., 1st Sess. 232 (1977); *see In re Newark Airport/Hotel L.P.*, 156 B.R. 444, 451 (Bankr. D.N.J. 1993), *aff'd*, 155 B.R. 93 (D.N.J. 1993); *In re Pub. Serv. Co. of N.H.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) (explaining that "the legislative intent . . . [is] to promote maximum flexibility"). The Fifth Circuit has recognized that in determining whether "cause" exists to extend exclusivity, a bankruptcy court should consider the legislative goals behind § 1121. *See In re Timbers of Inwood Forest Associates, Ltd.,* 808 F.2d 363, 372 (5th Cir. 1987); *see also In re Southwest Oil Co. of Jourdanton, Inc.,* 84 B.R. 448, 450 (Bankr. W.D. Tex. 1987).

23. In circumstances where the exclusive periods prove inadequate for the debtor to negotiate and file a plan of reorganization or liquidation, the bankruptcy court has the discretion to – and in the context of large or complex Chapter 11 cases routinely does – extend the exclusive periods.[1] In determining whether cause exists to extend a debtor's exclusive periods,

---

[1] Many courts in Texas, and indeed this district, have granted extensions of Exclusive Periods in Chapter 11 cases. *See, e.g., In re Pilgrim's Pride Corp., et al.,* Case No. 08-45664 (DML) (Bankr. N.D. Tex. March 26, 2009) [Docket No. 1306]; *In re Home Interiors & Gifts, Inc., et al.,* Case No. 08-31961 (BJH) (Bankr. N.D. Tex. Sept. 4, 2008) [Docket No. 587]; *In re Heartland Automotive Holdings, Inc., et al.,* Case No. 08-40048 (DML) (Bankr. N.D. Tex. May 6, 2008) [Docket No. 417]; *In re Spectrum Jungle Labs Corp., et al.,* Case No. 09-50455 (RBK) (Bankr. W.D. Tex. May 27, 2009) [Docket No. 724]; and *In re Idearc, Inc., et al.,* Case No. 09-31828 (BJH) (Bankr. N.D. Tex. Oct. 6, 2009) [Docket No. 1099].

courts generally consider the following factors:

      (i)      the size and complexity of the case;
      (ii)     the necessity of sufficient time to negotiate and prepare adequate information;
      (iii)    the existence of good faith progress;
      (iv)    whether the debtor is paying its debts as they become due;
      (v)     whether the debtor has demonstrated reasonable prospects for filing a viable plan of reorganization;
      (vi)    whether the debtor has made progress in negotiating with creditors;
      (vii)   the length of time a case has been pending;
      (viii)  whether the debtor is seeking an extension to pressure creditors; and
      (ix)    whether or not unresolved contingencies exist.

*See e.g., In re Central Jersey Airport Services*, 282 B.R. 176, 184 (Bankr. D. N. J. 2002) (and cases cited therein); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996).

24. In addition to the details of the Debtors' bankruptcy cases set forth in the First and Second Exclusivity Extension Motions, the Debtors believe that developments since the entry of the First and Second Exclusivity Extension Orders, specifically good faith progress in negotiations with the FDIC-R and Wilmington Trust to resolve the issues raised in the Stay Motion, provide additional cause to further extend the Debtors' Extended Exclusive Periods.

25. Despite the good faith progress that has already been made in these cases, neither the Debtors nor any other party in interest will be in a position to formulate, promulgate and build consensus for a confirmable plan before the parties have a better understanding of the extent of the FDIC-R's unresolved claims against the estate. The most desirable result in this case would be for the Debtors, the FDIC-R and Wilmington Trust to reach an agreement that resolves all of the issues raised in the Stay Motion and that allow the Debtors to move forward with a consensual plan of liquidation. The requested extension will give the parties an

opportunity to more fully explore the possibility of such a settlement.

26. If the Debtors are required to file a disclosure statement and plan of liquidation by the end of the Second Exclusive Filing Period, however, the Debtors, the FDIC-R, and Wilmington Trust may be forced to move forward with costly discovery that might otherwise be unnecessary. Terminating the Extended Exclusive Periods before the plan negotiation and preparation process is complete would defeat the purpose of Bankruptcy Code § 1121—to afford the Debtors a meaningful and reasonable opportunity to negotiate with creditors and propose and confirm a consensual plan of reorganization or liquidation.

27. The Debtors believe that the requested further extension of their Extended Exclusive Periods is warranted and appropriate under the circumstances. The requested extension of the Debtors' Extended Exclusive Periods will permit the wind-down process to move forward in an orderly fashion. The Debtors anticipate that the resolution of the Stay Motion and related issues involving the FDIC-R along with finalizing a plan of liquidation are the only remaining significant issues that should arise in the Chapter 11 cases prior to confirmation.

28. The Debtors submit that the requested extension is realistic and necessary, will not prejudice the legitimate interests of creditors and other parties in interest, and will afford them a meaningful opportunity to pursue a consensual plan of reorganization or liquidation, all as contemplated by Chapter 11 of the Bankruptcy Code.

WHEREFORE, the Debtors respectfully request that the Court grant the Motion, extend the periods in which the Debtors have the exclusive right to file a Chapter 11 plan of reorganization and to solicit acceptances of such plan of reorganization to October 18, 2010 and December 17, 2010 respectively, authorize the agreed amendment to the Claims Investigation

Stipulation, and grant the Debtors such other and further relief as may be just.

Dated: June 15, 2010.

**HAYNES AND BOONE, LLP**

By: _/s/ Ian T. Peck_

Robert D. Albergotti
State Bar No. 00969800
Ian T. Peck
State Bar No. 24013306
Autumn D. Highsmith
State Bar No. 24048806
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: 214-651-5000
Facsimile: 214-651-5940

**ATTORNEYS FOR THE
DEBTORS-IN-POSSESSION**

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for the FDIC and counsel for Wilmington Trust regarding the relief requested in the Motion. Those parties indicated that they do not oppose such relief.

By: _/s/ Ian T. Peck_
Ian T. Peck

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 15, 2010 a true and correct copy of the foregoing document was served upon all parties on the Limited Service List [Docket No. 231] (i) via e-mail (if available as indicated thereon) or United States first class mail, postage prepaid, and (ii) via e-mail upon the parties that receive electronic notice in these cases pursuant to the Court's ECF filing system.

By: _/s/ Ian T. Peck_
Ian T. Peck