U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature: Barbara J. Houser]*

**United States Bankruptcy Judge**

**Signed May 11, 2011**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| GUARANTY FINANCIAL GROUP INC., | § | Case No. 09-35582-bjh |
| *et al.* | § | (Jointly Administered) |
| | § | |
| Debtors. | § | |

### ORDER CONFIRMING SECOND AMENDED JOINT PLAN OF LIQUIDATION FOR GUARANTY FINANCIAL GROUP INC., ET AL., UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

On May 11, 2011, the Court conducted a hearing to consider confirmation of the Second Amended Joint Plan of Liquidation for Guaranty Financial Group Inc., *et al.*, Under Chapter 11 of the United States Bankruptcy Code filed by Guaranty Financial Group Inc., Guaranty Group Ventures Inc., Guaranty Holdings Inc. I, and Guaranty Group Capital Inc. (collectively, the "***Debtors***," and each individually a "***Debtor***"). After considering the evidence presented and the

arguments of counsel for the Debtors, the Court makes the following Findings of Fact and Conclusions of Law:[1]

## FINDINGS OF FACT

1. On August 27, 2009 (the "***Petition Date***"), the Debtors filed individual petitions for relief under chapter 11 of Title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Northern District of Texas (the "***Court***"). The Debtors' chapter 11 bankruptcy cases are jointly administered (the "***Bankruptcy Cases***").

2. Prior to the Petition Date, the Office of Thrift Supervision appointed the Federal Deposit Insurance Company as receiver (the "***FDIC-Receiver***") for Guaranty Bank.

3. Subsequent to filing the bankruptcy petitions, the members of the board of directors of each of the Debtors resigned and Dennis Faulkner was elected as the sole director of each of the Debtors. Mr. Faulkner also serves as the Chief Restructuring Officer of each of the Debtors pursuant to an Order of the Court entered on November 20, 2009.

4. Since the Petition Date, the Debtors have managed their affairs and conducted their businesses as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Bankruptcy Cases.

5. On December, 20, 2010, the Debtors filed their Joint Plan of Liquidation for Guaranty Financial Group Inc., *et al.*, Under Chapter 11 of the United States Bankruptcy Code (as amended by that certain Amended Joint Plan of Liquidation for Guaranty Financial Group Inc., *et al.*, Under Chapter 11 of the United States Bankruptcy Code filed on February 10, 2011 [Docket No. 335] and further amended by that certain Second Amended Joint Plan of Liquidation for Guaranty Financial Group Inc., et al., Under Chapter 11 of the United States

---

[1] To the extent any of the following findings of fact are determined to be conclusions of law, or vice-versa, they are adopted and shall be construed and deemed as such.

Bankruptcy Code attached hereto as **Exhibit A**) (the "*Plan*"),[2] and the Disclosure Statement Under 11 U.S.C. § 1125 in Support of the Joint Plan of Liquidation of Guaranty Financial Group Inc., *et al.* (as amended by that certain Amended Disclosure Statement Under 11 U.S.C. § 1125 In Support of The Amended Joint Plan of Liquidation of Guaranty Financial Group Inc., *et al.* [Docket No. 336]) (the "*Disclosure Statement*").

6. On February 16, 2011, this Court conducted a hearing at which it approved the Disclosure Statement, in the version filed with this Court as docket number 336. On that same day, this Court entered an Order approving the Disclosure Statement and establishing certain procedures for solicitation of the Plan [Docket No. 391] (the "*Disclosure Statement Order*").

7. On April 18, 2011, Tricadia Financials Restructuring Partners, Ltd. ("*Tricadia*") filed the Objection of Tricadia Financials Restructuring Partners, Ltd. to Debtors' Amended Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code (the "*Tricadia Objection*").

8. On April 28, 2011, the Debtors, the FDIC-Receiver, Wilmington Trust Company FSB, and Tricadia entered into that certain Stipulation Regarding Objection of Tricadia Financials Restructuring Partners, Ltd. to Debtors' Amended Joint Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code (the "*Stipulation*"). The Stipulation resolved the Tricadia Objection.

9. On May 11, 2011, this Court held a hearing regarding confirmation of the Plan (the "*Confirmation Hearing*").

10. At the Confirmation Hearing, the Debtors described the modifications to the Plan as set forth in the Stipulation. Those modifications (as reflected in the version of the Plan

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

attached hereto as **Exhibit A**) are permissible pursuant to 11 U.S.C. § 1127 and are approved. No other or further notice of the modifications to the Plan described in the Stipulation is necessary or required.

11.     The Liquidation Trust Agreement submitted by the Debtors at the Confirmation Hearing, as modified pursuant to the Stipulation and attached hereto as **Exhibit B**, complies with the terms of the Plan and is reasonable.

12.     With respect to the Plan, the Holders of Claims in Classes 1 and 2 are unimpaired under the Plan and 11 U.S.C. § 1124, and are conclusively presumed to have accepted the Plan under 11 U.S.C. § 1126(f).

13.     The Holders of Claims in Classes 3 and 4 are impaired under the Plan and 11 U.S.C. § 1124, and are entitled to vote on the Plan.

14.     In Class 3, 100% in number and amount of voting creditors voted to accept the Plan. This Class has accepted the Plan pursuant to 11 U.S.C. § 1126(c).

15.     In Class 4, creditors are divided into separate subclasses. Class 4A consists of creditors holding general allowed unsecured claims in Guaranty Financial Group Inc. 73% in number and 68% in amount of voting creditors voted to accept the Plan. Class 4B consists of creditors holding general allowed unsecured claims in Guaranty Group Capital Inc. 58% in number and 67% in amount of voting creditors voted to accept the Plan. Class 4C consists of creditors holding general allowed unsecured claims in Guaranty Group Ventures Inc. 58% in number and 67% in amount of voting creditors voted to accept the Plan. Class 4D consists of creditors holding general allowed unsecured claims in Guaranty Holdings Inc. I. 58% in number and 67% in amount of voting creditors voted to accept the Plan. Each of these subclasses have accepted the Plan pursuant to 11 U.S.C. § 1126(c).

16. The Holders of Equity Interests in Class 5 are impaired under the Plan, and will not receive or retain any property under the Plan, and therefore are conclusively presumed to have rejected the Plan under 11 U.S.C. § 1126(g).

17. The Court's oral Findings of Fact on the record at the Confirmation Hearing are incorporated herein by reference in their entirety.

## CONCLUSIONS OF LAW

A. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L). This matter arises under Title 11 of the United States Code, and jurisdiction is vested in this Court to enter a final order by virtue of 28 U.S.C. § 1334(a) and (b), 28 U.S.C. §§ 151, 157(a) and (b)(1), and the Standing Order of Reference in this District. These Findings of Fact and Conclusions of Law are being entered pursuant to Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**") 7052, 9014 and 9019.

B. The information contained in the Disclosure Statement and presented at the Confirmation Hearing, along with the record in these Bankruptcy Cases, was sufficient to enable parties-in-interest and the Court to make an informed judgment that the Plan is feasible, is fair and equitable, is in the best interest of all parties-in-interest, and should be approved.

C. The Plan attached hereto as **Exhibit A** is confirmed. Confirmation of the Plan as to each Debtor complies with all applicable Bankruptcy Code provisions, including 11 U.S.C. §§ 1122 through 1129. The Plan complies with the applicable provisions of the Bankruptcy Code, as required by 11 U.S.C. § 1129(a)(1) thereof, including 11 U.S.C. §§ 1122 and 1123, and meets all of the applicable requirements of 11 U.S.C. § 1129(a) and (b), and should be approved.

D. The classification of claims and interests contained in the Plan is reasonable and appropriate and complies with 11 U.S.C. § 1122.

E. The provisions of the Plan comply with 11 U.S.C. § 1123.

F. The Debtors have complied with the provisions of 11 U.S.C. § 1125 and the Disclosure Statement Order in soliciting acceptance of the Plan. Notice and distribution of the Plan and Disclosure Statement were appropriate under all the circumstances and complied with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. The opportunity for a hearing on these matters was full and adequate. The acceptances and rejections of the Plan were made in good faith and were solicited in good faith and in accordance with the provisions of the Bankruptcy Code, and therefore are not subject to designation pursuant to 11 U.S.C. § 1126(e).

G. As required by 11 U.S.C. § 1129(a)(1), the provisions of the Plan comply with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, including 11 U.S.C. § 1129, and are reasonable and appropriate.

H. The Debtors have complied with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules as required by 11 U.S.C. § 1129(a)(2).

I. The Plan has been proposed in good faith and not by any means forbidden by law as required by 11 U.S.C. § 1129(a)(3).

J. The payments referenced in 11 U.S.C. § 1129(a)(4) have been approved by or remain subject to the approval of the Court as reasonable.

K. The Debtors have disclosed that Kenneth L. Tepper will serve as Liquidation Trustee under the Plan and therefore satisfied 11 U.S.C. § 1129(a)(5).

L. The Plan does not provide for a "rate change" as contemplated by 11 U.S.C. § 1129(a)(6), and such provision therefore does not prohibit confirmation of the Plan.

M. As required by 11 U.S.C. § 1129(a)(7), with respect to each impaired Class, each holder of a Claim or Equity Interest of such Class has either accepted the Plan or will receive or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount such holder would so receive or retain if the Debtors were liquidated in a Chapter 7 proceeding.

N. 11 U.S.C. § 1129(a)(8) is satisfied as to all Classes other than the rejecting Class 5. With respect to the Holders of Equity Interests in Class 5, the Plan complies with 11 U.S.C. § 1129(b)(1). The Plan can be confirmed despite Class 5's rejection because the Plan does not discriminate unfairly and is fair and equitable with respect to this class. Specifically, with respect to Holders of Equity Interests in Class 5, no holders of any interest junior to the interests in Class 5 will receive or retain any property under the Plan on account of such interest, consistent with 11 U.S.C. § 1129(b)(2)(C)(ii).

O. The holders of claims identified in 11 U.S.C. § 1129(a)(9) receive the treatment required to be provided by such section under the Plan.

P. Classes 3 and 4 have accepted the Plan and qualify as accepting, impaired classes for purposes of 11 U.S.C. § 1129(a)(10) for each of the Debtors.

Q. The Plan provides for the orderly liquidation of the Debtors' assets by the Liquidation Trustee. Confirmation and consummation of the Plan are not likely to be followed by the need for further financial reorganization of the Debtors or any successor of the Debtors under the Plan, and accordingly, the Plan complies with 11 U.S.C. § 1129(a)(11). The structure of the Plan and mechanisms for implementation of the Plan are reasonable and appropriate.

R. All fees payable under 28 U.S.C. § 1930 have been paid or have payment provided for on the Effective Date, as required by 11 U.S.C. § 1129(a)(12).

S.  11 U.S.C. §§ 1129(a)(13) - (16) are not implicated by the Plan.

T.  On the Effective Date, all assets and liabilities of the Debtors shall be merged into or treated as if they were merged with the assets and liabilities of Guaranty Financial Group Inc., and the Debtors shall be substantively consolidated into Guaranty Financial Group Inc. Such substantive consolidation shall have the effect described in the Plan, including the dissolution of Guaranty Group Ventures Inc., Guaranty Holdings Inc. I, and Guaranty Group Capital Inc., and is appropriate under the facts of these Bankruptcy Cases.

U.  Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a), the provisions of this Order, the Plan, and all related documents, and all other agreements and documents executed and delivered pursuant to the Plan shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

V.  In accordance with 11 U.S.C. § 1141, (i) the Plan and each of its provisions, (ii) all documents executed in connection with and pursuant to the terms of the Plan, and (iii) the Confirmation Order shall be binding upon the Debtors, upon each person or entity acquiring or receiving property under the Plan, upon each holder of a Claim against or Equity Interest in the Debtors, whether or not the Claim or Equity Interest of such creditor or equity interest holder is impaired under the Plan and whether or not such creditor or equity interest holder has filed, or is deemed to have filed, a proof of Claim or Equity Interest, and upon each party to these Bankruptcy Cases, and irrespective of whether such provision of the Plan is specifically mentioned or otherwise referred to in these Findings of Fact and Conclusions of Law and Confirmation Order.

W.  Upon entry of this Order, the Debtors are authorized and directed to take all steps necessary and appropriate to implement the Plan without the need for further shareholder,

director, or other corporate approvals, including, without limitation, the Debtors' execution and implementation of the Liquidation Trust Agreement annexed as Exhibit "C" to the Plan.

X. Upon entry of this Order, Dennis Faulkner is appointed Special Liquidation Agent.

Y. On the Effective Date, except as otherwise specifically provided for in the Plan, all interests in the Debtors shall be canceled as more fully described in the Plan.

Z. On the Effective Date, title to all assets of the Debtors shall vest in the Liquidation Trust as, and to the extent, provided by the Plan.

AA. The Plan provides that all Executory Contracts of the Debtors that were not previously assumed or rejected by prior order of the Court are deemed rejected. The terms of the Plan shall govern the deadlines for filing proofs of claim resulting from such rejection. Any such claims not filed as required by the Plan shall be discharged and forever barred. The Debtors' rejection of these Executory Contracts reflects the Debtors' sound business judgment and is reasonable and in the best interest of their estates.

BB. The Plan shall not and does not prejudice, impair, waive, limit or otherwise affect the claims, rights and defenses of Travelers Casualty and Surety Company of America ("*Travelers*"), which issued surety bonds for or on behalf of the Debtors, regarding bonds, indemnity agreements and the collateral that secures Travelers' claims. The Plan does not release, compromise, or otherwise affect in any way Travelers' rights against any indemnitor or third party, nor any claims, rights and defenses of such third party against Travelers. Nothing contained herein shall impair or prejudice Travelers' rights, if any, against Guaranty Bank and the collateral pledged by Guaranty Bank or any claims, rights and defenses of the Debtors, the FDIC-R, or any other party, against Travelers or with respect to the Travelers claims.

CC. The 14-day stay of the Confirmation Order imposed by Bankruptcy Rule 3020(e) shall not apply.

DD. To the extent any objection to confirmation of the Plan has not been withdrawn or resolved, it is overruled.

EE. The Court's oral Conclusions of Law on the record at the Confirmation Hearing are incorporated herein by reference in their entirety.

FF. This Court shall retain jurisdiction over this matter as provided in the Plan.

# # # END OF ORDER # # #

**Exhibits "A" and "B" to Order filed as Docket No. 522.**

Submitted By

Robert D. Albergotti (TX Bar No. 00969800)
Ian T. Peck (TX Bar No. 24013306)
Autumn D. Highsmith (TX Bar No. 24048806)
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, TX 75219
ian.peck@haynesboone.com
autumn.highsmith@haynesboone.com

*Counsel to the Debtors-in-Possession*